UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| EON CORP. IP HOLDINGS, LLC,<br><br>Plaintiff,<br>v.<br><br>SENSUS, USA, INC.; ARUBA NETWORKS, INC.; BROADSOFT, INC.; CICERO NETWORKS LIMITED; CLAVISTER AB; IP.ACCESS, INC.; JUNI AMERICA, INC.; CISCO SYSTEMS, INC.; MAVENIR SYSTEMS, INC.; MERU NETWORKS, INC.; SERCOMM CORPORATION; SONUS NETWORKS, INC.; SPRINT NEXTEL CORPORATION; ADVANCED METERING DATA SYSTEMS, LLC; STOKE, INC. and TATARA SYSTEMS, INC.,<br><br>Defendants. | Civil Action No. _____<br><br>JURY TRIAL REQUESTED |

## PLAINTIFF EON CORP. IP HOLDINGS, LLC'S ORIGINAL COMPLAINT

Plaintiff EON Corp. IP Holdings, LLC ("EON") files this Original Complaint for patent infringement against Sensus USA, Inc. ("Sensus"); Aruba Networks, Inc. ("Aruba Networks"); Broadsoft, Inc. ("Broadsoft"); Cicero Networks Limited ("Cicero"); Clavister AB ("Clavister"); IP.Access, Inc. ("IP.Access"); Juni America, Inc. ("Juni"); Cisco Systems, Inc. ("Cisco"); Mavenir Systems, Inc. ("Mavenir"); Meru Networks, Inc. ("Meru"); SerComm Corporation ("SerComm"); Sonus Networks, Inc. ("Sonus"); Sprint Nextel Corporation ("Sprint"); Advanced Metering Data Systems, LLC ("AMDS"); Stoke, Inc. ("Stoke"); and Tatara Systems, Inc. ("Tatara") (collectively, the "Defendants") for infringement of U.S. Patent No. 5,592,491 (the "'491 Patent") pursuant to 35 U.S.C. §271.

## THE PARTIES

1. Plaintiff EON is a Texas limited liability company with its principal place of business at 719 W. Front Street, Suite 108, Tyler, Texas 75702.

2. Defendant Sensus is a Delaware corporation with its principal place of business at 8601 Six Forks Road, Suite 300, Raleigh, North Carolina 27615.  In addition to Sensus continuously and systematically conducting business in Texas, the causes of action against Sensus arose from or are connected with Sensus's purposeful acts committed in Texas, including Sensus's making, using, importing, offering for sale, or selling two-way communication networks, two-way communication network components, associated services, or data systems that fall within the scope of at least one claim of the '491 Patent.  Sensus may be served with process through its registered agent, CT Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, Texas 75201.

3. Defendant Aruba Networks is a Delaware corporation with its principal place of business at 1344 Crossman Ave., Sunnyvale, California 94089.  In addition to Aruba Networks continuously and systematically conducting business in Texas, the causes of action against Aruba Networks arose from or are connected with Aruba Networks's purposeful acts committed in Texas, including Aruba Networks's making, using, importing, offering for sale, or selling two-way communication networks, two-way communication network components, associated services, or data systems that fall within the scope of at least one claim of the '491 Patent.  Aruba Networks may be served with process through its registered agent, CT Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, Texas 75201.

4. Defendant Broadsoft is a Delaware corporation with its principal place of business at 220 Perry Parkway, Gaithersburg, Maryland 20877.  In addition to Broadsoft

continuously and systematically conducting business in Texas, the causes of action against Broadsoft arose from or are connected with Broadsoft's purposeful acts committed in Texas, including Broadsoft's making, using, importing, offering for sale, or selling two-way communication networks, two-way communication network components, associated services, or data systems that fall within the scope of at least one claim of the '491 Patent. Broadsoft engages in business in but does not maintain a regular place of business in Texas and has not designated or maintained a resident agent for service of process. Accordingly, pursuant to Federal Rule of Civil Procedure 4, section 17.044 of the Texas Civil Practice and Remedies Code, and Articles 2.11 of the Texas Business Corporations Act, the Texas Secretary of State is designated as Broadsoft's agent for service of process in this action. The Texas Secretary of State Citations Unit may be served at P.O. Box 12079, Austin, Texas 78711-2079 by certified mail, return receipt requested. Pursuant to section 17.045(a) of the Civil Practice and Remedies Code, the Secretary of State shall forward citation and a copy of this Complaint to Broadsoft's home or home office, c/o Corporation Service Company, 2711 Centerville Rd., Suite 400, Wilmington, Delaware 19808.

5. Defendant Cicero is an Irish company with its principal place of business at 4 Adelaide Street, Dun Laoghaire, Co., Dublin, Ireland. In addition to Cicero continuously and systematically conducting business in Texas, the causes of action against Cicero arose from or are connected with Cicero's purposeful acts committed in Texas, including Cicero's making, using, importing, offering for sale, or selling two-way communication networks, two-way communication network components, associated services, or data systems that fall within the scope of at least one claim of the '491 Patent. Cicero engages in business in but does not maintain a regular place of business in Texas and has not designated or maintained a resident

agent for service of process. Accordingly, pursuant to Federal Rule of Civil Procedure 4, section 17.044 of the Texas Civil Practice and Remedies Code, and Articles 2.11 of the Texas Business Corporations Act, the Texas Secretary of State is designated as Cicero's agent for service of process in this action. The Texas Secretary of State Citations Unit may be served at P.O. Box 12079, Austin, Texas 78711-2079 by certified mail, return receipt requested. Pursuant to section 17.045(a) of the Civil Practice and Remedies Code, the Secretary of State shall forward citation and a copy of this Complaint to Cicero's home or home office, 4 Adelaide Street, Dun Laoghaire, Co., Dublin, Ireland.

6.      Defendant Clavister is a Swedish company with its principal place of business at Sjögatan 6 J SE-891 60, Örnsköldsvik, Sweden. In addition to Clavister continuously and systematically conducting business in Texas, the causes of action against Clavister arose from or are connected with Clavister's purposeful acts committed in Texas, including Clavister's making, using, importing, offering for sale, or selling two-way communication networks, two-way communication network components, associated services, or data systems that fall within the scope of at least one claim of the '491 Patent. Clavister engages in business in but does not maintain a regular place of business in Texas and has not designated or maintained a resident agent for service of process. Accordingly, pursuant to Federal Rule of Civil Procedure 4, section 17.044 of the Texas Civil Practice and Remedies Code, and Articles 2.11 of the Texas Business Corporations Act, the Texas Secretary of State is designated as Clavister's agent for service of process in this action. The Texas Secretary of State Citations Unit may be served at P.O. Box 12079, Austin, Texas 78711-2079 by certified mail, return receipt requested. Pursuant to section 17.045(a) of the Civil Practice and Remedies Code, the Secretary of State shall forward citation

and a copy of this Complaint to Clavister's home or home office, Sjögatan 6 J SE-891 60, Örnsköldsvik, Sweden.

7.      Defendant IP.Access is a Delaware company with its United States headquarters at 601 108th Ave. NE, 19th Fl., Bellevue, Washington 98004. In addition to IP.Access continuously and systematically conducting business in Texas, the causes of action against IP.Access arose from or are connected with IP.Access's purposeful acts committed in Texas, including IP.Access's making, using, importing, offering for sale, or selling two-way communication networks, two-way communication network components, associated services, or data systems that fall within the scope of at least one claim of the '491 Patent. IP.Access engages in business in but does not maintain a regular place of business in Texas and has not designated or maintained a resident agent for service of process. Accordingly, pursuant to Federal Rule of Civil Procedure 4, section 17.044 of the Texas Civil Practice and Remedies Code, and Articles 2.11 of the Texas Business Corporations Act, the Texas Secretary of State is designated as IP.Access's agent for service of process in this action. The Texas Secretary of State Citations Unit may be served at P.O. Box 12079, Austin, Texas 78711-2079 by certified mail, return receipt requested. Pursuant to section 17.045(a) of the Civil Practice and Remedies Code, the Secretary of State shall forward citation and a copy of this Complaint to IP.Access's home or home office, c/o The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, Delaware 19801.

8.      Defendant Juni is a Washington corporation with its principal place of business at 9825 Willows Road NE, Suite 100, Redmond, Washington 98052. In addition to Juni continuously and systematically conducting business in Texas, the causes of action against Juni arose from or are connected with Juni's purposeful acts committed in Texas, including Juni's

making, using, importing, offering for sale, or selling two-way communication networks, two-way communication network components, associated services, or data systems that fall within the scope of at least one claim of the '491 Patent. Juni engages in business in but does not maintain a regular place of business in Texas and has not designated or maintained a resident agent for service of process. Accordingly, pursuant to Federal Rule of Civil Procedure 4, section 17.044 of the Texas Civil Practice and Remedies Code, and Articles 2.11 of the Texas Business Corporations Act, the Texas Secretary of State is designated as Juni's agent for service of process in this action. The Texas Secretary of State Citations Unit may be served at P.O. Box 12079, Austin, Texas 78711-2079 by certified mail, return receipt requested. Pursuant to section 17.045(a) of the Civil Practice and Remedies Code, the Secretary of State shall forward citation and a copy of this Complaint to Juni's home or home office, c/o PR Corp Services Inc, 10900 NE 4th St., Suite 1850, Bellevue, Washington 98004.

9.      Defendant Cisco is a California corporation with its principal place of business at 170 W. Tasman Dr., San Jose, California 95134. In addition to Cisco continuously and systematically conducting business in Texas, the causes of action against Cisco arose from or are connected with Cisco's purposeful acts committed in Texas, including Cisco's making, using, importing, offering for sale, or selling two-way communication networks, two-way communication network components, associated services, or data systems that fall within the scope of at least one claim of the '491 Patent. Cisco may be served with process through its registered agent, Prentice Hall Corporation System, 211 E. 7th St., Suite 620, Austin, Texas 78701.

10.     Defendant Mavenir is a Delaware corporation with its principal place of business at 1651 N. Glenville Dr., Suite 216, Richardson, Texas 75081. In addition to Mavenir

continuously and systematically conducting business in Texas, the causes of action against Mavenir arose from or are connected with Mavenir's purposeful acts committed in Texas, including Mavenir's making, using, importing, offering for sale, or selling two-way communication networks, two-way communication network components, associated services, or data systems that fall within the scope of at least one claim of the '491 Patent. Mavenir may be served with process through its registered agent, Corporation Service Company, 211 E. 7th St., Austin, Texas 78701.

11.  Defendant Meru is a Delaware corporation with its principal place of business at 894 Ross Dr., Sunnyvale, California 94089. In addition to Meru continuously and systematically conducting business in Texas, the causes of action against Meru arose from or are connected with Meru's purposeful acts committed in Texas, including Meru's making, using, importing, offering for sale, or selling two-way communication networks, two-way communication network components, associated services, or data systems that fall within the scope of at least one claim of the '491 Patent. Meru engages in business in but does not maintain a regular place of business in Texas and has not designated or maintained a resident agent for service of process. Accordingly, pursuant to Federal Rule of Civil Procedure 4, section 17.044 of the Texas Civil Practice and Remedies Code, and Articles 2.11 of the Texas Business Corporations Act, the Texas Secretary of State is designated as Meru's agent for service of process in this action. The Texas Secretary of State Citations Unit may be served at P.O. Box 12079, Austin, Texas 78711-2079 by certified mail, return receipt requested. Pursuant to section 17.045(a) of the Civil Practice and Remedies Code, the Secretary of State shall forward citation and a copy of this Complaint to Meru's home or home office, c/o Corporation Service Company, 2711 Centerville Rd., Suite 400, Wilmington, Delaware 19808.

12.     Defendant SerComm is a Taiwanese company with its United States headquarters at 200 Brown Rd., Suite 203, Fremont, California 94539.  In addition to SerComm continuously and systematically conducting business in Texas, the causes of action against SerComm arose from or are connected with SerComm's purposeful acts committed in Texas, including SerComm's making, using, importing, offering for sale, or selling two-way communication networks, two-way communication network components, associated services, or data systems that fall within the scope of at least one claim of the '491 Patent.  SerComm engages in business in but does not maintain a regular place of business in Texas and has not designated or maintained a resident agent for service of process.  Accordingly, pursuant to Federal Rule of Civil Procedure 4, section 17.044 of the Texas Civil Practice and Remedies Code, and Articles 2.11 of the Texas Business Corporations Act, the Texas Secretary of State is designated as SerComm's agent for service of process in this action.  The Texas Secretary of State Citations Unit may be served at P.O. Box 12079, Austin, Texas 78711-2079 by certified mail, return receipt requested.  Pursuant to section 17.045(a) of the Civil Practice and Remedies Code, the Secretary of State shall forward citation and a copy of this Complaint to SerComm's home or home office, 200 Brown Rd., Suite 203, Fremont, California 94539.

13.     Defendant Sonus is a Delaware corporation with its principal place of business at 7 Technology Park Dr., Westford, Massachusetts 01886.  In addition to Sonus continuously and systematically conducting business in Texas, the causes of action against Sonus arose from or are connected with Sonus's purposeful acts committed in Texas, including Sonus's making, using, importing, offering for sale, or selling two-way communication networks, two-way communication network components, associated services, or data systems that fall within the

8

scope of at least one claim of the '491 Patent. Sonus may be served with process through its registered agent, Corporation Service Company, 211 E. 7th St., Suite 620, Austin, Texas 78701.

14. Defendant Sprint is a Kansas corporation with a principal place of business in Johnson County, Kansas. In addition to Sprint continuously and systematically conducting business in Texas, the causes of action against Sprint arose from or are connected with Sprint's purposeful acts committed in Texas, including Sprint's making, using, importing, offering for sale, or selling two-way communication networks, two-way communication network components, associated services, or data systems that fall within the scope of at least one claim of the '491 Patent. Sprint engages in business in but does not maintain a regular place of business in Texas and has not designated or maintained a resident agent for service of process. Accordingly, pursuant to Federal Rule of Civil Procedure 4, section 17.044 of the Texas Civil Practice and Remedies Code, and Articles 2.11 of the Texas Business Corporations Act, the Texas Secretary of State is designated as Sprint's agent for service of process in this action. The Texas Secretary of State Citations Unit may be served at P.O. Box 12079, Austin, Texas 78711-2079 by certified mail, return receipt requested. Pursuant to section 17.045(a) of the Civil Practice and Remedies Code, the Secretary of State shall forward citation and a copy of this Complaint to Sprint's home or home office, c/o Corporation Service Company, 200 S.W. 30th St., Topeka, Kansas 66611.

15. Defendant AMDS is a Louisiana limited liability company with its principal place of business at 19411 Helenberg Road, Suite 103, Covington, Louisiana 70433. In addition to AMDS continuously and systematically conducting business in Texas, the causes of action against AMDS arose from or are connected with AMDS's purposeful acts committed in Texas, including AMDS's making, using, importing, offering for sale, or selling two-way

communication networks, two-way communication network components, associated services, or data systems that fall within the scope of at least one claim of the '491 Patent. AMDS engages in business in but does not maintain a regular place of business in Texas and has not designated or maintained a resident agent for service of process. Accordingly, pursuant to Federal Rule of Civil Procedure 4, section 17.044 of the Texas Civil Practice and Remedies Code, and Articles 2.11 of the Texas Business Corporations Act, the Texas Secretary of State is designated as AMDS's agent for service of process in this action. The Texas Secretary of State Citations Unit may be served at P.O. Box 12079, Austin, Texas 78711-2079 by certified mail, return receipt requested. Pursuant to section 17.045(a) of the Civil Practice and Remedies Code, the Secretary of State shall forward citation and a copy of this Complaint to AMDS's home or home office, c/o Joseph L. Caverly, 546 Carondelet Street, New Orleans, Louisiana 70130.

16.     Defendant Stoke is a Delaware corporation with its principal place of business at 5403 Betsy Ross Drive, Santa Clara, California 95454. In addition to Stoke continuously and systematically conducting business in Texas, the causes of action against Stoke arose from or are connected with Stoke's purposeful acts committed in Texas, including Stoke's making, using, importing, offering for sale, or selling two-way communication networks, two-way communication network components, associated services, or data systems that fall within the scope of at least one claim of the '491 Patent. Stoke engages in business in but does not maintain a regular place of business in Texas and has not designated or maintained a resident agent for service of process. Accordingly, pursuant to Federal Rule of Civil Procedure 4, section 17.044 of the Texas Civil Practice and Remedies Code, and Articles 2.11 of the Texas Business Corporations Act, the Texas Secretary of State is designated as Stoke's agent for service of process in this action. The Texas Secretary of State Citations Unit may be served at P.O. Box

Case 2:10-cv-00448-TJW   Document 1   Filed 10/22/10   Page 11 of 20

12079, Austin, Texas 78711-2079 by certified mail, return receipt requested. Pursuant to section 17.045(a) of the Civil Practice and Remedies Code, the Secretary of State shall forward citation and a copy of this Complaint to Stoke's home or home office, c/o Incorporating Services, LTD., 3500 S. Dupont Highway, Dover, Delaware 19901.

17. Defendant Tatara is a Delaware corporation with its principal place of business at 35 Nagog Park, Suite 303, Acton, Massachusetts 01720. In addition to Tatara continuously and systematically conducting business in Texas, the causes of action against Tatara arose from or are connected with Tatara's purposeful acts committed in Texas, including Tatara's making, using, importing, offering for sale, or selling two-way communication networks, two-way communication network components, associated services, or data systems that fall within the scope of at least one claim of the '491 Patent. Tatara may be served with process through its registered agent, CT Corporation, 350 N. St. Paul St., Suite 2900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

18. This is an action for patent infringement under the Patent Laws of the United States, Title 35 of the United States Code. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a). Venue lies in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

19. This Court has personal jurisdiction over the Defendants under the laws of the State of Texas, including the Texas long-arm statute, TX. CIV. PRAC. & REM §17.042.

20. This Court has personal jurisdiction over each Defendant. Plaintiff incorporates herein all statements of jurisdiction in the preceding paragraphs. Upon information and belief, each Defendant has conducted and does conduct business within the State of Texas, directly or through intermediaries or agents, or offers for sale, sells, imports, advertises (including through

11

the provision of interactive web pages) products or services, or uses or induces others to use services or products in Texas that infringe the '491 Patent, or knowingly contributes to infringement of the asserted patent.

## THE PATENT IN SUIT

21. On January 7, 1997, the United States Patent and Trademark Office duly and legally issued the '491 Patent, titled "Wireless Modem," after a full and fair examination. A true and correct copy of the '491 Patent is attached hereto as Exhibit A. EON is an assignee under an exclusive license of all rights, title and interest in and to the '491 Patent and possesses all rights of recovery under the '491 Patent, including the right to recover for past infringement. The '491 Patent is valid and enforceable.

## GENERAL ALLEGATIONS

22. Upon information and belief, Sensus has been and is now infringing, directly or indirectly by way of inducement or contributory infringement, literally or under the doctrine of equivalents, the '491 Patent in this District, the State of Texas, and elsewhere by making, using, importing, offering for sale, or selling two-way communication networks, associated services, or data systems that fall within the scope of at least one claim of the '491 Patent, including for example FlexNet networks operating with FlexNet Network Portals or Buddy mode devices that provide alternate paths for messages from FlexNet endpoints to FlexNet Tower Gateway Base Stations.

23. Upon information and belief, Aruba Networks has been and is now infringing, directly or indirectly by way of inducement or contributory infringement, literally or under the doctrine of equivalents, the '491 Patent in this District, the State of Texas, and elsewhere by making, using, importing, offering for sale, or selling two-way communication network

components (*e.g.*, remote access points including but not limited to models RAP-2WG, RAP-5, RAP-5WN), associated services, or data systems, including Unlicensed Mobile Access ("UMA") capable systems that fall within the scope of at least one claim of the '491 Patent, constitute a material portion of a claimed system, or perform steps of a claimed method by enabling mobile devices (*e.g.*, UMA devices) to switch between communication paths having radio access network components and Wi-Fi network components.

24.     Upon information and belief, Broadsoft has been and is now infringing, directly or indirectly by way of inducement or contributory infringement, literally or under the doctrine of equivalents, the '491 Patent in this District, the State of Texas, and elsewhere by making, using, importing, offering for sale, or selling two-way communication network components, associated services, or data systems (*e.g.*, Broadworks Mobility Manager) that fall within the scope of at least one claim of the '491 Patent, constitute a material portion of a claimed system, or perform steps of a claimed method by enabling mobile devices to switch between communication paths having radio access network components and Wi-Fi network components.

25.     Upon information and belief, Cicero has been and is now infringing, directly or indirectly by way of inducement or contributory infringement, literally or under the doctrine of equivalents, the '491 Patent in this District, the State of Texas, and elsewhere by making, using, importing, offering for sale, or selling two-way communication network components, associated services, or data systems (*e.g.*, CiceroPhone and CiceroController) that fall within the scope of at least one claim of the '491 Patent, constitute a material portion of a claimed system, or perform steps of a claimed method by enabling mobile devices to switch between communication paths having radio access network components and Wi-Fi network components.

26. Upon information and belief, Clavister has been and is now infringing, directly or indirectly by way of inducement or contributory infringement, literally or under the doctrine of equivalents, the '491 Patent in this District, the State of Texas, and elsewhere by making, using, importing, offering for sale, or selling two-way communication network components, associated services, or data systems (*e.g.*, Clavister SSP components) that fall within the scope of at least one claim of the '491 Patent, constitute a material portion of a claimed system, or perform steps of a claimed method by enabling mobile devices (*e.g.*, UMA devices) to switch between communication paths having radio access network components and Wi-Fi network components.

27. Upon information and belief, IP.Access has been and is now infringing, directly or indirectly by way of inducement or contributory infringement, literally or under the doctrine of equivalents, the '491 Patent in this District, the State of Texas, and elsewhere by making, using, importing, offering for sale, or selling two-way communication network components (*e.g.*, Femtocell access points, including but not limited to, models NanoGSM BSC and Oyster 3G), associated services, or data systems that fall within the scope of at least one claim of the '491 Patent, constitute a material portion of a claimed system, or perform steps of a claimed method by enabling mobile devices to switch between communication paths having radio access network components and Femtocell network components.

28. Upon information and belief, Juni has been and is now infringing, directly or indirectly by way of inducement or contributory infringement, literally or under the doctrine of equivalents, the '491 Patent in this District, the State of Texas, and elsewhere by making, using, importing, offering for sale, or selling two-way communication network components (*e.g.*, model JFW-500 and xDSL modems), associated services, or data systems that fall within the scope of at least one claim of the '491 Patent, constitute a material portion of a claimed system, or perform

steps of a claimed method by enabling mobile devices to switch between communication paths having radio access network components or Femtocell network components.

29.     Upon information and belief, Cisco has been and is now infringing, directly or indirectly by way of inducement or contributory infringement, literally or under the doctrine of equivalents, the '491 Patent in this District, the State of Texas, and elsewhere by making, using, importing, offering for sale, or selling two-way communication network components (*e.g.*, model WRTU54G-TM), associated services, or data systems that fall within the scope of at least one claim of the '491 Patent, constitute a material portion of a claimed system, or perform steps of a claimed method by enabling mobile devices (*e.g.*, UMA devices) to switch between communication paths having radio access network components and Wi-Fi network components.

30.     Upon information and belief, Mavenir has been and is now infringing, directly or indirectly by way of inducement or contributory infringement, literally or under the doctrine of equivalents, the '491 Patent in this District, the State of Texas, and elsewhere by making, using, importing, offering for sale, or selling two-way communication network components, associated services, or data systems that fall within the scope of at least one claim of the '491 Patent, constitute a material portion of a claimed system, or perform steps of a claimed method by enabling, for example, converged messaging systems and enabling mobile devices (*e.g.*, UMA devices) to switch between communication paths having radio access network components and Wi-Fi network components.

31.      Upon information and belief, Meru has been and is now infringing, directly or indirectly by way of inducement or contributory infringement, literally or under the doctrine of equivalents, the '491 Patent in this District, the State of Texas, and elsewhere by making, using, importing, offering for sale, or selling two-way communication network components (*e.g.*,

models AP 320i Access Point and MC5000 Controller), associated services (*e.g.*, Air Traffic Control), or data systems that fall within the scope of at least one claim of the '491 Patent, constitute a material portion of a claimed system, or perform steps of a claimed method by enabling mobile devices (*e.g.*, UMA devices) to switch between communication paths having radio access network components and Wi-Fi network components.

32.     Upon information and belief, SerComm has been and is now infringing, directly or indirectly by way of inducement or contributory infringement, literally or under the doctrine of equivalents, the '491 Patent in this District, the State of Texas, and elsewhere by making, using, importing, offering for sale, or selling two-way communication network components (*e.g.*, model FC210U), associated services, or data systems that fall within the scope of at least one claim of the '491 Patent, constitute a material portion of a claimed system, or perform steps of a claimed method by enabling mobile devices to switch between communication paths having radio access network components and Femtocell network components.

33.     Upon information and belief, Sonus has been and is now infringing, directly or indirectly by way of inducement or contributory infringement, literally or under the doctrine of equivalents, the '491 Patent in this District, the State of Texas, and elsewhere by making, using, importing, offering for sale, or selling two-way communication network components, associated services (*e.g.*, Sonus mobilEnterprise FMC solution), or data systems that fall within the scope of at least one claim of the '491 Patent, constitute a material portion of a claimed system, or perform steps of a claimed method by enabling mobile devices to switch between communication paths having radio access network components and Wi-Fi network components.

34.     Upon information and belief, Sprint has been and is now infringing, directly or indirectly by way of inducement or contributory infringement, literally or under the doctrine of

equivalents, the '491 Patent in this District, the State of Texas, and elsewhere by making, using, importing, offering for sale, or selling two-way network components (*e.g.*, Overdrive Hotspot, Mobile Hotspot capable devices, and Airave), associated services, or data systems that fall within the scope of at least one claim of the '491 Patent, constitute a material portion of a claimed system, or perform steps of a claimed method by enabling mobile devices to switch between communication paths having radio access network components, Wi-Fi network components and Femtocell network components.

35. Upon information and belief, AMDS infringed, directly or indirectly by way of inducement or contributory infringement, literally or under the doctrine of equivalents, the '491 Patent in this District, the State of Texas, and elsewhere by making, using, importing, offering for sale, or selling two-way communication networks, associated services, or data systems, alone or in conjunction with Sensus that fall within the scope of at least one claim of the '491 Patent, constitute a material portion of a claimed system, or perform steps of a claimed method.

36. Upon information and belief, Stoke has been and is now infringing, directly or indirectly by way of inducement or contributory infringement, literally or under the doctrine of equivalents, the '491 Patent in this District, the State of Texas, and elsewhere by making, using, importing, offering for sale, or selling two-way communication network components (*e.g.*, model SSX 3000), associated services, or data systems that fall within the scope of at least one claim of the '491 Patent, constitute a material portion of a claimed system, or perform steps of a claimed method by enabling mobile devices (*e.g.*, UMA devices) to switch between communication paths having radio access network components, Wi-Fi network components, and Femtocell network components.

37. Upon information and belief, Tatara has been and is now infringing, directly or indirectly by way of inducement or contributory infringement, literally or under the doctrine of equivalents, the '491 Patent in this District, the State of Texas, and elsewhere by making, using, importing, offering for sale, or selling two-way communication network components (*e.g.*, Tatara Convergence Servers), associated services, or data systems that fall within the scope of at least one claim of the '491 Patent, constitute a material portion of a claimed system, or perform steps of a claimed method by enabling mobile devices to switch between communication paths having radio access network components and Femtocell network components.

## INFRINGEMENT OF THE EON PATENT IN SUIT

38. EON repeats and realleges the allegations set forth in paragraphs 22-37 as if those allegations have been fully set forth herein.

39. Defendants, without authorization or license and in violation of 35 U.S.C. § 271, have been and are now infringing the '491 Patent directly or indirectly by way of inducement or contributory infringement, literally or under the doctrine of equivalents by, among other things, making, using, importing, offering for sale, selling or distributing equipment, products or services in connection with one or more communication networks or material portions of communication networks that embody one or more of the apparatus claims of the '491 Patent or perform the steps of one or more of the method claims of the '491 Patent.

40. Upon information and belief, said infringement has been or will be deliberate and willful.

41. EON is in compliance with the requirements of 35 U.S.C. § 287.

42. Defendants' infringement will continue unless enjoined by this Court.

43. EON has suffered, and will continue to suffer, irreparable injury as a result of Defendants' infringement.

44. EON has been damaged by Defendants' infringement, and will continue to be damaged until this Court enjoins Defendants.

## PRAYER FOR RELIEF

WHEREFORE, EON prays for the following relief:

A. That each Defendant be adjudged to have infringed the '491 Patent, directly or indirectly by way of inducement or contributory infringement, literally or under the doctrine of equivalents;

B. That each Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be preliminarily and permanently restrained and enjoined from directly or indirectly infringing the '491 Patent;

C. An award of damages pursuant to 34 U.S.C. §284 sufficient to compensate EON for the Defendants' past infringement and any continuing or future infringement up until the date Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

D. An assessment of pre-judgment and post-judgment interest and costs against Defendants, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

E. That Defendants be directed to pay enhanced damages, including EON's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285; and

F. That EON have such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

EON demands a trial by jury of any and all issues triable of right before a jury.

Dated: October 22, 2010                             Respectfully Submitted,


*/s/ Daniel R. Scardino*
Daniel R. Scardino
Jeffery R. Johnson
Cabrach J. Connor
REED & SCARDINO LLP
301 Congress Avenue, Suite 1250
Austin, TX  78701
Tel. (512) 474-2449
Fax (512) 474-2622
dscardino@reedscardino.com
jjohnson@reedscardino.com
cconnor@reedscardino.com

**ATTORNEYS FOR PLAINTIFF**
**EON CORP. IP HOLDINGS, LLC**