IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| EON CORP. IP HOLDINGS, LLC, | § | |
| | § | |
| Plaintiff, | § | Civil Action No.  2:10-cv-00448-TJW |
| | § | |
| v. | § | |
| | § | |
| SENSUS, USA, INC.; ARUBA | § | |
| NETWORKS, INC.; BROADSOFT, | § | |
| INC.; CLAVISTER AB; IP.ACCESS, | § | |
| INC.; JUNI AMERICA, INC.; CISCO | § | |
| SYSTEMS, INC.; MAVENIR | § | |
| SYSTEMS, INC.; MERU NETWORKS, | § | |
| INC.; SERCOMM CORPORATION; | § | |
| SONUS NETWORKS, INC.; SPRINT | § | |
| SPECTRUM, L.P.; ADVANCED | § | |
| METERING DATA SYSTEMS, LLC; | § | |
| STOKE, INC.; TATARA SYSTEMS, | § | |
| INC.; HTC AMERICA, INC.; PALM, | § | |
| INC.; UNITED STATES CELLULAR | § | |
| CORPORATION; CELLULAR SOUTH, | § | |
| INC.; NTELOS, INC.; MOTOROLA | § | |
| MOBILITY HOLDINGS, INC.; | § | |
| MOTOROLA SOLUTIONS, INC.; | § | |
| KINETO WIRELESS, INC.; and | § | |
| AIRVANA, INC., | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

**BROADSOFT, INC.'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR A
MORE DEFINITE STATEMENT**

## TABLE OF CONTENTS

PAGE

I.    INTRODUCTION ............................................................................................. 1

II.   BACKGROUND ............................................................................................... 1

III.  ARGUMENT .................................................................................................... 5

      A.   LEGAL STANDARD........................................................................... 5

      B.   THE COURT SHOULD DISMISS EON'S DIRECT INFRINGEMENT
           ALLEGATIONS AGAINST BROADSOFT BECAUSE EON FAILS TO
           ACCUSE SPECIFIC SYSTEMS OR SERVICES AND STATE A
           VIABLE CLAIM .................................................................................. 8

      C.   THE COURT SHOULD DISMISS EON'S INSUFFICIENTLY PLED
           CLAIMS OF INDIRECT INFRINGEMENT......................................... 10

      D.   THE COURT SHOULD DISMISS EON'S WILLFUL INFRINGEMENT
           ALLEGATIONS................................................................................... 13

      E.   AT A MINIMUM, THE COURT SHOULD ORDER EON TO PROVIDE
           A MORE DEFINITE STATEMENT ................................................... 13

IV.   CONCLUSION................................................................................................ 15

TABLE OF AUTHORITIES

PAGE(S)

CASES

*Agilent Technologies, Inc. v. Micromuse, Inc.*,
  No. 04 Civ. 3090 (RWS), 2004 U.S. Dist. LEXIS 20723 (S.D.N.Y. Oct. 19, 2004) ..............14

*Aro Manufacturing Co. v. Convertible Top Replacement Co.*,
  377 U.S. 476 (1964)...........................................................................................................11

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937 (2009) ................................................................................................1, 5, 12

*Bay Industries, Inc. v. Tru-Arx Manufacturing, LLC*,
  Case No. 06-C-1010, 2006 U.S. Dist. LEXIS 86757 (E.D. Wis. Nov. 29, 2006) ..............7, 14

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007).......................................................................................1, 5, 6, 10

*Classen Immunotherapies, Inc. v. Biogen IDEC*,
  381 F. Supp. 2d 452 (D. Md. 2005) .................................................................................6

*Clear with Computers, LLC v. Bergdorf Goodman, Inc.*,
  No. 6:09-cv-481, 2010 WL 3155888 (E.D.Tex. Mar. 29, 2010) ...........................................12

*eSoft, Inc. v. Astaro Corp.*,
  Civ. Case No. 06-cv-00441-REB-MEH, 2006 U.S. Dist. LEXIS 52336 (D. Colo. July
  31, 2006) ......................................................................................................................14

*Fischer & Porter Co. v. Sheffield Corp.*,
  31 F.R.D. 534 (D. Del. 1962) .........................................................................................7

*Frank's Casing Crew & Rental Tools, Inc. v. Weatherford International, Inc.*,
  389 F.3d 1370 (Fed. Cir. 2004).......................................................................................9

*Gen-Probe, Inc. v. Amoco Corp.*,
  926 F. Supp. 948 (S.D. Cal. 1996)...............................................................................6, 14

*Hewlett-Packard Co. v. Bausch & Lomb Inc.*,
  909 F.2d 1464 (Fed. Cir. 1990).......................................................................................10

*Hewlett-Packard Co. v. Intergraph Corp.*,
  No. C03-2517-MJJ, 2003 WL 23884794 (N.D. Cal. Sept. 6, 2003) .................................11, 12

*Landmark Technology LLC v. Aeropostale*,
  No. 6:09-cv-262, 2010 WL 5174954 (E.D. Tex. Mar. 29, 2010) .............................................8

*Mallinckrodt Inc. v. E-Z-Em Inc.*,
  670 F. Supp. 2d 349 (D. Del. 2009)...............................................................................11, 12

TABLE OF AUTHORITIES
(continued)

PAGE(S)

*Martek Biosciences Corp. v. Nutrinova Inc.*,
    Civ. A. No. 03-896 GMS, 2004 US. Dist. LEXIS 20469, at * 5 (D. Del. Oct. 8, 2004)...........7

*Ondeo Nalco Co. v. Eka Chemicals, Inc.*,
    No. Civ.A. 01-537-SLR, 2002 WL 1458853 (D. Del. June 10, 2002) ....................................6

*Quito Enterprises, LLC v. Netflix, Inc.*,
    No. 08-23543-CIV, slip op. (S.D. Fla. Aug. 4, 2009)................................................................6

*In re Papst Licensing GmbH Patent Litigation*,
    No. Civ. A. MDL 1298 & Civ. A. 99-3118, 2001 WL 179926 (E.D. La. Feb. 22,
    2001) ..........................................................................................................................................7

*Realtime Data, LLC v. Morgan Stanley*,
    721 F. Supp. 2d 538 (E.D. Tex. 2010)......................................................................................8

*Ricoh Co. v. Asustek Computer, Inc.*,
    481 F. Supp. 2d 954 (W.D. Wis. 2007) .....................................................................................6

*In re Seagate Technology, LLC*,
    497 F.3d 1360 (Fed. Cir. 2007)................................................................................................13

*Taurus IP, LLC v. Ford Motor Co.*,
    539 F. Supp. 2d 1122 (W.D. Wis. 2008) ...................................................................................6

*United States ex. rel. Westfall v. Axiom Worldwide, Inc.*,
    No. 8:06-cv-571-T-33TBM, 2009 WL 764528 (M.D. Fla. Mar. 20, 2009) ...........................7

*View Engineering, Inc. v. Robotic Vision Sys., Inc.*,
    208 F.3d 981 (Fed. Cir. 2000)....................................................................................................6

*Vita-Mix Corp. v. Basic Holding Inc.*,
    581 F.3d 1317 (Fed. Cir. 2009)................................................................................................11

*Wilkerson v. Wendover, Inc.*,
    Civ. A. No. 06-450-JJF, 2007 U.S. Dist. LEXIS 53299 (D. Del. July 23, 2007)....................7

*Xpoint Technologies, Inc. v. Microsoft Corp.*,
    Civ. No. 09-628-SLR, 2010 WL 3187025 (D. Del. Aug. 12, 2010) .......................................12

STATUTES

35 U.S.C.
    § 271(c) ....................................................................................................................................11

**TABLE OF AUTHORITIES**
(continued)

PAGE(S)

**RULES**

Fed. R. Civ. P.
  Rule 8 ..............................................................................................................8, 13
  Rule 8(a)..............................................................................................................1, 4
  Rule 8(a)(2)...............................................................................................................6
  Rule 11(b) ................................................................................................................13
  Rule 12(b)(6)..................................................................................................1, 5, 6, 8
  Rule 12(e)........................................................................................................... passim

## I.   INTRODUCTION

BroadSoft, Inc. ("BroadSoft") moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff EON Corp. IP Holdings, LLC's ("EON") Amended Complaint for failure to state a claim upon which relief may be granted, or in the alternative, for a more definite statement pursuant to Rule 12(e).  EON's Amended Complaint fails to satisfy the pleading standards under Rule 8(a), as articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).  EON fails to state a viable claim for direct infringement and fails to identify any BroadSoft products that allegedly directly infringe the patent-in-suit.  In addition, EON also fails to plead the requisite facts to state claims for induced, contributory, and willful infringement.  Significantly, EON cannot excuse its many pleading deficiencies because, well-before EON filed its Amended Complaint, BroadSoft sent EON two separate letters that specifically identified many of the same deficiencies in EON's original Complaint that continue to infect the Amended Complaint.  Thus, EON should have either corrected these deficiencies or withdrawn the claims for which it could not plead sufficient supporting facts.

In short, the Court should dismiss EON's Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).  Alternatively, should the Court deny BroadSoft's motion to dismiss, BroadSoft submits that EON should be ordered to provide a more definite statement of its claims pursuant to Rule 12(e).

## II.   BACKGROUND

EON filed suit against BroadSoft and others for alleged infringement of U.S. Patent No. 5,592,491 ("the '491 patent") on October 22, 2010.  EON alleged that BroadSoft infringed "directly or indirectly by way of inducement or contributory infringement … by making, using,

1.

importing, offering for sale, or selling two-way communication network components, associated services, or data systems (e.g., Broadworks Mobility Manager)."  Compl. ¶ 24.  After reviewing EON's allegations and the claims of the '491 patent, BroadSoft cannot understand how EON had alleged that BroadSoft directly infringed the '491 patent.

The independent system claims of the '491 patent claim a "two-way communication network," a "digital cellular communication system," and a "two-way communication system." Those claims include the following elements:  (1) a "network hub switching center;" (2) "subscriber units;" (3) a "cell site communication system;" (4) a "local base station repeater cell;" (5) "base station data processing and communication unit;" (6) "reception . . . comprising a local remote receiver;" (7) a "set of receive only digital receivers;" or (8) a "modem."  '491 patent, claims 1, 12, 13 (D.I. 1-1, Ex. A to Compl.).  The independent method claims involve "communicating between subscriber units and a local base station repeater cell" or "a network hub switching center."  *Id.*, claims 5, 17.  Those claims involve steps, such as "transmitting incoming data from said subscriber unit to said local base station" or "said network hub switching center" that can only be performed by an entity that actually operates a communication system or network.  *Id.*

On December 10, 2010, BroadSoft wrote to EON explaining why BroadSoft believed it did not infringe the '491 patent, seeking further information from EON regarding its infringement theory, and identifying deficiencies in EON's complaint.  BroadSoft explained that it "does not provide any product that would comprise a 'two-way communication network,' 'digital cellular communications system,' or 'two-way communication system.'"  Ex. A at 2.  BroadSoft also explained that it is a software provider, and that its BroadWorks software

application does not have any of the hardware elements claimed by the independent system claims. *Id.* at 1-2. BroadSoft further explained that it does not perform any of the steps of the independent method claims because as a software provider, "it does not actually operate a communications network that performs the steps of the method claims." *Id.* at 2-3. Regarding EON's indirect infringement allegations, BroadSoft noted that EON failed to allege the required elements of induced or contributory infringement. *Id.* at 3-4. Therefore, BroadSoft requested that EON withdraw its infringement allegations or promptly explain its theory of infringement by providing claim charts. *Id.* at 4.

In subsequent discussions with other Defendants, EON offered to amend its Complaint to correct deficiencies identified by Defendants. BroadSoft accordingly wrote to EON on December 23, 2010, identifying the many deficiencies in EON's infringement claims against BroadSoft. Ex. B at 1-2. BroadSoft explained that EON's direct infringement allegations did not meet the pleading standards articulated in *Twombly* and *Iqbal* because EON's Complaint did not specifically identify the BroadSoft products accused of infringement but instead "identifie[d] only generic categories of products" and an exemplary "data system." *Id.* at 1. Regarding EON's deficient induced infringement allegations, BroadSoft explained that EON failed to (a) "allege that BroadSoft had any specific intent to cause direct infringement, much less that BroadSoft had knowledge of the '491 Patent prior to the commencement of this suit," and (b) "identify any third party who allegedly infringed the '491 Patent as a result of BroadSoft's purported inducement." *Id.* at 2. Regarding EON's deficient contributory infringement allegations, BroadSoft explained that "EON neither identifies the actual 'system' that allegedly infringes the '491 Patent, nor the BroadSoft product or service that is purportedly 'a material

portion' of that system." *Id.* BroadSoft also explained that EON's willful infringement allegations were deficient because EON failed to allege that BroadSoft had any pre-suit knowledge of the '491 patent. *Id.* BroadSoft requested that EON correct these many deficiencies in an amended pleading or withdraw its Complaint.

Despite BroadSoft's detailed letters regarding the deficiencies in EON's infringement allegations and the absence of a viable infringement theory, EON filed an Amended Complaint on January 11, 2011 that fails to address any of these issues. EON again fails to identify any specific BroadSoft product that directly infringes the '491 Patent, choosing instead to identify only generic product categories: "BroadSoft makes, uses, imports, offers for sale, or sells dual-mode related network components, associated services, data systems, or related software solutions that fall within the scope of at least one claim of the '491 Patent." Am. Compl. ¶ 31[1]. Although the Amended Complaint references two exemplary BroadSoft software products— "BroadWorks" and "Mobility Manager"—it does not assert direct infringement in connection with those products. Rather, EON alleges indirect infringement based on BroadWorks and Mobility Manager allegedly "*facilitat[ing]* mobile devices to switch between communication paths … in accordance with one or more claims of the '491 Patent." *Id.* (emphasis added). EON's indirect infringement claims again fail, however, to allege facts to support all required elements of induced or contributory infringement, such as (a) that BroadSoft had pre-suit knowledge of the '491 patent, and (b) the identification of any allegedly infringing third party product or service that incorporates BroadSoft software. *Id.* EON's allegations of willful

---

[1] Note that the allegations made against BroadSoft's co-defendants use nearly identical language. (Am. Compl. ¶¶ 32, 33.) This demonstrates a cookie-cutter approach to pleading that is inimical to the standards required under Rule 8(a) as interpreted in *Twombly*.

infringement are similarly deficient because EON still has not alleged that BroadSoft had pre-suit knowledge of the '491 patent.

In short, despite BroadSoft's repeated efforts to inform EON of the deficiencies in its original Complaint, EON has failed to correct those deficiencies in its Amended Complaint. Accordingly, and for the reasons detailed herein, the Amend Complaint should be dismissed for failure to state a claim upon which relief can be granted.

## III.   ARGUMENT

### A.   LEGAL STANDARD

Rule 12(b)(6) provides that a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted."   "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555 (citation omitted).  The Supreme Court made clear in *Twombly* that "a formulaic recitation of the elements of a cause of action will not do," and a plaintiff must include factual allegations sufficient to "raise a right to relief above the speculative level." *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570).  Moreover, a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  The sheer possibility that a defendant has acted unlawfully is not enough. *Id.* If a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," and thereby "nudged

[its] claims across the line from conceivable to plausible," the complaint "must be dismissed." *Twombly*, 550 U.S. at 570 (dismissing a complaint pursuant to Fed. R. Civ. P. 12(b)(6)).

A plaintiff in a patent infringement case must provide sufficient facts in the complaint to "outline or adumbrate a viable claim for relief." *Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948, 961 (S.D. Cal. 1996) (internal quotation omitted). Although Rule 8(a)(2) provides that a pleading "that states a claim for relief must contain … a short and plain statement of the claim showing that the pleader is entitled to relief," "mere boilerplate sketching [of] the elements of a cause of action" is not sufficient to provide fair notice of a patentee's claims. *Gen-Probe*, 926 F. Supp. at 961. The Federal Rules "require that the defendant be given 'fair notice of (1) what the plaintiff's claim is and (2) the grounds upon which it rests.'" *Id.* at 960. At a minimum, "the plaintiff must tell the defendant which products allegedly infringe the plaintiff's patent." *Ricoh Co. v. Asustek Computer, Inc.*, 481 F. Supp. 2d 954, 959 (W.D. Wis. 2007), and "must do more than give clues" as to the scope of its claim. *Taurus IP, LLC v. Ford Motor Co.*, 539 F. Supp. 2d 1122, 1127 (W.D. Wis. 2008).[2] Accordingly, courts have consistently dismissed patent infringement actions under Rule 12(b)(6) where the plaintiff failed to identify specifically the accused infringing product in the complaint or the type of alleged infringement. *See, e.g., Quito Enters., LLC v. Netflix, Inc.*, No. 08-23543-CIV, slip op. (S.D. Fla. Aug. 4, 2009) (dismissing patent infringement claims) (attached as Ex. C); *Gen-Probe, Inc.*, 926 F. Supp. at 961; *Ondeo Nalco Co. v. Eka Chems., Inc.*, No. Civ.A. 01-537-SLR, 2002 WL 1458853, at *1-2 (D. Del.

---

[2] Prior to filing suit for patent infringement, a plaintiff must "apply the claims of each and every patent that is being brought into the lawsuit to an accused device and conclude that there is a reasonable basis for a finding of infringement of at least one claim of each patent so asserted." *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000). "If challenged, a patent holder bringing an infringement claim must be able to demonstrate to the court and the alleged infringer exactly why it believed ***before*** filing suit that it had a reasonable chance of proving infringement." *Classen Immunotherapies, Inc. v. Biogen IDEC*, 381 F. Supp. 2d 452, 457 (D. Md. 2005) (citing *View Eng'g.*, 208 F.3d at 986) (emphasis added).

June 10, 2002) (counterclaims for patent infringement dismissed because they were "too vague to provide plaintiff with fair notice of which products are accused of infringing defendant's patents"); *see also Wilkerson v. Wendover, Inc.*, Civ. A. No. 06-450-JJF, 2007 U.S. Dist. LEXIS 53299, at *2-3 (D. Del. July 23, 2007).

If a complaint fails to specify the allegations in a manner that provides sufficient notice, a defendant can and should move for a more definite statement under Rule 12(e) before responding.  *See United States ex. rel. Westfall v. Axiom Worldwide, Inc.*, No. 8:06-cv-571-T-33TBM, 2009 WL 764528, at *9 (M.D. Fla. Mar. 20, 2009); *see also Martek Biosciences Corp. v. Nutrinova Inc.*, Civ. A. No. 03-896 GMS, 2004 US. Dist. LEXIS 20469, at * 5 (D. Del. Oct. 8, 2004), *reversed in part on other grounds* (granting plaintiffs motion for a more definite statement of counterclaim).  Rule 12(e) provides that a party "may move for a more definite statement of a pleading" where the pleading "is so vague or ambiguous that the party cannot reasonably prepare a response."  Rule 12(e) is applicable where a pleading is unintelligible or the issues cannot be determined.  *See Fischer & Porter Co. v. Sheffield Corp.*, 31 F.R.D. 534, 536 (D. Del. 1962).  Courts have granted motions for more definite statement in patent cases where pleadings failed to identify specifically the products accused of infringement.  *See, e.g., Martek Biosciences Corp.*, 2004 U.S. Dist. LEXIS 20469, at *5; *In re Papst Licensing GmbH Patent Litig.*, No. Civ. A. MDL 1298 & Civ. A. 99-3118, 2001 WL 179926, at *2 (E.D. La. Feb. 22, 2001) (concluding that the plaintiff's complaint must be amended to identify specifically which of the defendant's products are alleged to have infringed the plaintiff's patents); *Bay Indus., Inc. v. Tru-Arx Mfg., LLC*, Case No. 06-C-1010, 2006 U.S. Dist. LEXIS 86757, at *3-4 (E.D. Wis.

Nov. 29, 2006) ("courts have found Rule 12(e) relief appropriate where the complaint fails to identify any allegedly infringing product or at least set forth a limiting parameter").

>B. **THE COURT SHOULD DISMISS EON'S DIRECT INFRINGEMENT ALLEGATIONS AGAINST BROADSOFT BECAUSE EON FAILS TO ACCUSE SPECIFIC SYSTEMS OR SERVICES AND STATE A VIABLE CLAIM**

As an initial matter, EON's direct infringement allegations do not meet the Rule 8 standard for pleading as clarified by *Twombly* and *Iqbal* because they fail to identify the specific instrumentality accused of infringement.  EON alleges that "BroadSoft makes, uses, imports, offers for sale, or sells dual-mode related network components, associated services, data systems, or related software solutions that fall within the scope of at least one claim of the '491 Patent." Am. Compl. ¶ 31.  But this Court has repeatedly dismissed similar patent infringement complaints that merely identified generic categories of products instead of the specific accused infringing products or instrumentalities.  *See, e.g., Realtime Data, LLC v. Morgan Stanley*, 721 F. Supp. 2d 538, 543 (E.D. Tex. 2010) (granting Rule 12(b)(6) dismissal because plaintiff's allegations did not "specifically identify any accused products or services" and finding the identification of "data compression products and/or services" too vague); *Landmark Tech. LLC v. Aeropostale*, No. 6:09-cv-262, 2010 WL 5174954, at *3 (E.D. Tex. Mar. 29, 2010) (dismissing complaint because "[w]ithout further context, it is unclear as to what 'electronic commerce systems' refers").

Moreover, EON's allegations of direct infringement are simply not viable on their face. EON alleges that BroadSoft directly infringes by making, using, or selling "dual-mode related network components" or "data systems"— products that BroadSoft does not make, use, or sell.

Significantly, BroadSoft made EON aware that it did not make, use, or sell such products well-before EON amended its original Complaint. *See* Ex. A. at 2-3.

Furthermore, EON's allegation that BroadSoft's "software solutions" directly infringe the '491 patent is not plausible in view of EON's own description of the scope of the '491 patent. In the Amended Complaint, EON characterizes its patented invention as covering "dual-mode communication networks comprising subscriber units, base stations, and/or network hub switching centers, and modems." Am. Compl. ¶ 31. Based upon that characterization, BroadSoft cannot infringe either the system or method claims of the '491 patent in connection with its alleged "software solutions." EON's system claims include hardware elements (*see supra* at 2), such as subscriber units and base stations, none of which could be satisfied by software. And, the method claims of the '491 patent involve the operation of a "dual-mode communication network." As BroadSoft has previously explained to EON, BroadSoft is a software provider and does not operate such a network. Therefore, viewed in the context of EON's own description of the '491 patent, EON's allegations against BroadSoft cannot give rise to a facially plausible claim of direct infringement because those allegations do not suggest that "each and every limitation set forth in a claim appear[s] in an accused product." *Frank's Casing Crew & Rental Tools, Inc. v. Weatherford Int'l, Inc.*, 389 F.3d 1370, 1378 (Fed. Cir. 2004) (internal citation omitted).

Although the Amended Complaint later identifies two alleged BroadSoft "software solution[s]," EON's allegations make clear that it does not accuse those software products of direct infringement. EON alleges that "BroadSoft's software solutions (e.g., Broadworks and Mobility Manager) *facilitate* mobile devices to switch between communication paths having

radio access network components and Wi-Fi network components in accordance with one or more claims of the '491 Patent."  Am. Compl. ¶ 31 (emphasis added).  By alleging that the two software products "facilitate mobile devices to switch between communication paths," EON effectively concedes that those software products do not satisfy the hardware elements of the '491 patent's system.  Indeed, it would be nonsensical to claim that software could be the mobile device (i.e., "subscriber unit") of the patented invention.  Furthermore, EON's admission that the software products merely "facilitate" such "communication" demonstrates that BroadSoft itself does not actually perform the operations of the communication network, as required by the method claims of the '491 patent.

Therefore, the Court should dismiss EON's direct infringement allegations because they fail to (a) identify a specific infringing instrumentality, and (b) state a plausible claim to relief.

### C.    THE COURT SHOULD DISMISS EON'S INSUFFICIENTLY PLED CLAIMS OF INDIRECT INFRINGEMENT

The Court should also dismiss EON's claims of induced and contributory infringement because EON makes only "a formulaic recitation of the elements of" the causes of action. *Twombly*, 550 U.S. at 555.

To state a claim for induced infringement, a plaintiff must allege that (1) the inducer had specific intent to cause the acts that constitute direct infringement, and (2) the acts that constitute direct infringement were performed by a party other than the inducer.  *See Hewlett-Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464, 1468-69 (Fed. Cir. 1990).  Here, EON baldly alleges that BroadSoft "knowingly and specifically intend[ed] to … induce infringement by others."  Am. Compl. ¶ 31.  But EON does not allege any facts that demonstrate that BroadSoft had pre-suit knowledge of the '491 patent.  For example, EON does not allege that it ever gave BroadSoft

written notice of the patent.  The law is clear that a defendant must have knowledge of the asserted patent to induce another to infringe.  *See Vita-Mix Corp. v. Basic Holding Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009); 35 U.S.C. § 271(c); *see also Mallinckrodt Inc. v. E-Z-Em Inc.*, 670 F. Supp. 2d 349, 354 (D. Del. 2009).  Furthermore, EON does not identify any specific third party that was allegedly induced by BroadSoft to directly infringe the '491 patent.  Am. Compl. ¶ 31 ("induce infringement … through its relationships with network component manufacturers, wireless network operators, wireless customers and/or end-users").  Rather, EON nonsensically alleges that each Defendant's alleged direct infringement constitutes the predicate direct infringement for each Defendant's alleged induced infringement:

> In relation to EON's indirect infringement claims, the corresponding direct infringers are those people or entities, including but not limited to the people and entities listed in paragraphs 29-51, that are induced by or receive contributions from the indirect infringers and directly, either literally or jointly, infringe the '491 Patent.

Am. Compl. ¶ 55.  Such circular reasoning is plainly insufficient to state a plausible claim of indirect infringement on its face under *Twombly* and *Iqbal*.  Therefore, EON's claim for induced infringement must be dismissed.  *See Hewlett-Packard Co. v. Intergraph Corp.*, No. C03-2517-MJJ, 2003 WL 23884794, at *2 (N.D. Cal. Sept. 6, 2003) (dismissing insufficiently pled induced infringement claim).

Similar defects render EON's contributory infringement allegations insufficient to state a viable claim for relief.  To state a claim for contributory infringement, EON must allege that BroadSoft offered to sell or sold a "component of a patented machine ... constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent."  35 U.S.C. § 271(c); *see also Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964).  EON does not allege any facts that demonstrate

that BroadSoft had pre-suit knowledge of the '491 patent, which is a requisite for contributory infringement.  *See Xpoint Techs., Inc. v. Microsoft Corp.*, Civ. No. 09-628-SLR, 2010 WL 3187025, at *6 (D. Del. Aug. 12, 2010);  *see also Mallinckrodt,* 670 F. Supp. 2d at 354-55. Furthermore, EON fails to identify any specific allegedly infringing device of which a BroadSoft product allegedly comprises a material component, merely invoking purported relationships between BroadSoft and unidentified third parties.  Am. Compl. ¶ 31 ("contribute to or induce infringement . . . through its relationships with network component manufacturers, wireless network operators, wireless customers and/or end-users").  Such formulaic allegations are not sufficient to state a claim of contributory infringement.  *See Hewlett-Packard*, 2003 WL 23884794, at *2 (dismissing plaintiff's contributory infringement claim for failure to identify allegedly infringing device).

In short, EON has merely conclusorily pled the elements of indirect infringement.  As the Supreme Court made clear in *Iqbal*, such conclusory allegations are "not entitled to the assumption of truth" for the purposes of evaluating a motion to dismiss.  129 S. Ct. at 1950. Indeed, this Court has dismissed indirect infringement allegations "which fail to identify which claims are indirectly infringed, fail to identify which methods or systems indirectly infringe, and fail to identify a direct infringer in reference to its indirect infringement claims."  *Clear with Computers, LLC v. Bergdorf Goodman, Inc.*, No. 6:09-cv-481, 2010 WL 3155888, at *4 (E.D. Tex. Mar. 29, 2010).  This Court should dismiss EON's claims for indirect infringement because EON has failed to state claims upon which relief may be granted.

**D.     THE COURT SHOULD DISMISS EON'S WILLFUL INFRINGEMENT ALLEGATIONS**

EON's willful infringement allegations should also be dismissed because they fail to comply with Rule 8.  To establish willful infringement, a plaintiff must demonstrate infringement as well as the following additional elements: (1) that there was an objectively high likelihood that the defendant's activities constituted infringement of a valid patent, and (2) either that the defendant subjectively knew of the risk of infringement or that the risk of infringement was so obvious, the defendant should have known of the risk.  *See In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc).  At the pleading stage, EON must allege, at a minimum, the facts that form the basis for its good faith belief that BroadSoft willfully infringed the '491 patent.  *See id.* at 1374 ("[W]hen a complaint is filed, a patentee must have a good faith basis for alleging willful infringement." (citing Fed. R. Civ. P. 8(a), 11(b)).

Here, EON does not even attempt to plead the necessary facts to state a viable claim for willful infringement.  Rather, EON merely asserts that "[u]pon information and belief, said infringement has been or will be deliberate and willful."  Am. Compl. ¶ 56.  Significantly, as explained above, EON makes no allegation that BroadSoft had knowledge of the patent prior to the commencement of this action.  Furthermore, EON does not allege that it provided BroadSoft any notice of the '491 patent or the particular claims BroadSoft allegedly infringes.  Therefore, the Court should dismiss EON's insufficiently pled willful infringement claim.

**E.     AT A MINIMUM, THE COURT SHOULD ORDER EON TO PROVIDE A MORE DEFINITE STATEMENT**

If EON's Amended Complaint is not dismissed, EON should at least be required to provide a more definite statement.  Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading" where the pleading "is so vague or ambiguous that the party

cannot reasonably prepare a response." Here, EON fails to allege the most basic fact for its infringement claim—the specific BroadSoft products whose manufacture, use and/or sale purportedly constitutes infringement. EON also has failed to state viable claims for direct and indirect infringement, as explained above.

Courts have granted motions to provide a more definite statement under Rule 12(e) in patent cases for this very reason. *See, e.g., Bay Indus.*, 2006 U.S. Dist. LEXIS 86757, at *5 ("Defendant should not have to guess which of its products infringe nor guess how its products might fall within plaintiff's interpretation of the claims of the patent."); *Agilent Techs., Inc. v. Micromuse, Inc.*, No. 04 Civ. 3090 (RWS), 2004 U.S. Dist. LEXIS 20723, at *15-16 (S.D.N.Y. Oct. 19, 2004) (granting a motion for a more definite statement where the complaint did not specify which products infringed the plaintiff's patents). By failing to identify the allegedly infringing products in its Amended Complaint, EON has impermissibly attempted to "foist the burden of discerning what products it believes infringe the patent onto defense counsel." *eSoft, Inc. v. Astaro Corp.*, Civ. Case No. 06-cv-00441-REB-MEH, 2006 U.S. Dist. LEXIS 52336, at *4 (D. Colo. July 31, 2006) (granting a motion for a more definite statement). Indeed, EON's Amended Complaint leaves BroadSoft to guess what products, services, or methods allegedly infringe the patents-in-suit.

The Complaint in its current state prevents BroadSoft from framing a proper responsive pleading, conforming its conduct, if necessary, to avoid allegations of willful infringement, or alerting third parties to any indemnification obligations for the purported conduct at issue. *See Gen-Probe*, 926 F. Supp. at 960-61 & n.20. Accordingly, if the Amended Complaint is not dismissed outright, the Court should grant BroadSoft's alternative request for a more definite

statement that includes the following:  (1) a specific identification of the BroadSoft products or services EON accuses of direct infringement; (2) a separate identification of the specific BroadSoft products or services it accuses of indirect infringement; (3) a specific identification of the allegedly infringing third party products that purportedly incorporate BroadSoft products or services, which form the basis of EON's indirect infringement claims; and (4) specific factual allegations that support EON's contention that BroadSoft had pre-suit knowledge or notice of the patent-in-suit.

## IV.   CONCLUSION

For the reasons set forth herein, the Court should grant BroadSoft's Motion to Dismiss. Alternatively, EON should be ordered to amend its pleading to provide a more definite statement.

Dated: January 31, 2011                    Respectfully submitted,

  _/s/ Jonathan G. Graves_
Jonathan G. Graves
jgraves@cooley.com
Justin P.D. Wilcox
jwilcox@cooley.com
COOLEY LLP
One Freedom Square
Reston Town Center
11951 Freedom Drive
Reston, VA 20190-5656
Telephone: 703.756.8119
Facsimile: 703.456.8100

*ATTORNEYS FOR DEFENDANT*
*BROADSOFT, INC.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 31, 2010, I presented this motion to the Clerk of the

Court for filing and uploading to the Case Management/Electronic Case Filing ("CM/ECF")

system.

_/s/  Jonathan G. Graves_
Jonathan G. Graves
