# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

|  |  |  |
|---|---|---|
| EON CORP. IP HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 2:10-CV-00448-TJW |
| v. | ) | |
| | ) | |
| SENSUS, USA, INC.; ARUBA NETWORKS, | ) | JURY TRIAL DEMANDED |
| INC.; BROADSOFT, INC.; CLAVISTER AB; | ) | |
| IP.ACCESS, INC.; JUNI AMERICA, INC.; | ) | |
| CISCO SYSTEMS, INC.; MAVENIR | ) | |
| SYSTEMS, INC.; MERU NETWORKS, INC.; | ) | |
| SERCOMM CORPORATION; SONUS | ) | |
| NETWORKS, INC.; SPRINT SPECTRUM, | ) | |
| L.P.; ADVANCED METERING DATA | ) | |
| SYSTEMS, LLC; STOKE, INC.; TATARA | ) | |
| SYSTEMS, INC.; HTC AMERICA, INC.; | ) | |
| PALM, INC.; UNITED STATES CELLULAR | ) | |
| CORPORATION; CELLULAR SOUTH, INC.; | ) | |
| NTELOS, INC.; MOTOROLA MOBILITY | ) | |
| HOLDINGS, INC.; MOTOROLA | ) | |
| SOLUTIONS, INC.; KINETO WIRELESS, | ) | |
| INC.; and AIRVANA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS CISCO SYSTEMS, INC., ARUBA NETWORKS, INC., BROADSOFT, INC., IP.ACCESS, INC., MERU NETWORKS, INC., STOKE, INC., TATARA SYSTEMS, INC., AND KINETO WIRELESS, INC.'S JOINT MOTION TO <u>TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA</u>

Defendants Cisco Systems, Inc. ("Cisco"), Aruba Networks, Inc. ("Aruba"), Broadsoft, Inc. ("Broadsoft"),  ip.access, Inc. ("ip.access"), Meru Networks, Inc. ("Meru"), Stoke, Inc. ("Stoke"), Tatara Systems, Inc. ("Tatara"), and Kineto Wireless, Inc. ("Kineto"), (collectively, the "Moving Defendants") hereby move pursuant to 28 U.S.C. § 1404(a) to transfer this patent

infringement action to the Northern District of California.  This motion is made because there is no legitimate nexus between the Eastern District of Texas, Marshall Division, on the one hand, and EON, the Defendants and this lawsuit, on the other hand.  In contrast, the Northern District of California presents a clearly more convenient forum to litigate this case based on: (a) the location of many defendants and (b) the residence of many party and non-party witnesses within or near that venue.

This Motion is supported by the following brief, the Declarations of Matthew S. Yungwirth ("Yungwirth Decl."), Waychi Doo ("Doo Decl."), Anthony Jones ("Jones Decl."), Martin Hernandez ("Hernandez Decl."), Michael Galvin ("Galvin Decl."), and Venkat Prabhala ("Prabhala Decl."), filed contemporaneously with this Motion, and the exhibits attached to those declarations.  Although this Motion is being made only by the Moving Defendants, the undersigned counsel have conferred with the remaining Defendants for which Notices of Appearance have been entered, and each of them confirmed that they do not oppose this Motion. EON Corp. IP Holdings opposes this Motion.  A Certificate of Conference is included at the end of this Motion pursuant to L.R. CV-7(i).

DM1\2494625.4

## TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ....................................................................................................1

II. BACKGROUND FACTS .........................................................................................3

    A.  Plaintiff EON IP Holdings ............................................................................ 3

    B.  Defendants .................................................................................................... 4

III. ARGUMENT ..........................................................................................................5

    A.  Standard of Review....................................................................................... 5

    B.  EON Has Only An "Ephemeral" Connection to the Eastern District of Texas ............................................................................................................. 6

    C.  This Action Might Have Been Brought In Northern California ...................... 8

    D.  Each of the Private Interest Factors Strongly Favors Transfer To NDCA ............. 9

        1.  Relative Ease of Access to Sources of Proof. ............................................ 9

        2.  The Availability of Compulsory Process to Secure the Attendance of Witnesses ................................................................................. 10

        3.  Convenience of the Parties and Witnesses and Cost of Attendance for Willing Witnesses ................................................................. 11

        4.  Other Practical Factors Favor Transfer to California .............................. 13

    E.  The Public Interest Factors Also Favor Transfer Or Are Neutral........................ 14

        1.  Administrative Difficulties Flowing From Court Congestion .................. 14

        2.  Local Interest in Adjudicating Local Disputes ......................................... 14

        3.  Familiarity of the Forum with the Governing Law.................................... 15

        4.  Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law........................................................ 15

IV. CONCLUSION AND REQUEST FOR HEARING ........................................15

# TABLE OF AUTHORITIES

**Federal Cases**

*Fujitsu Ltd. v. Tellabs, Inc.*, 639 F. Supp. 2d 761 (E.D. Tex. 2009)................................9

*In re Genentech*, 566 F.3d 1338 (Fed. Cir. 2009).................................................Passim

*In re Hoffman-La Roche, Inc.*, 587 F.3d 1333 (Fed. Cir. 2009) ...................................10

*In re Horseshoe Entertainment*, 337 F.3d 429 (5th Cir. 2003), *cert. denied*, 540 U.S. 1049 (2003) ......................................................................................................................8

*John Hanby & Hanby Envtl. Lab. Procedures v. Shell Oil Co.*, 144 F. Supp. 2d 673 (E.D. Tex. 2001) ..................................................................................................................6

*In re Nintendo Co., Ltd.*, 589 F.3d 1194 (Fed. Cir. 2009) .......................................6, 12

*Partsriver, Inc. v. Shopzilla, Inc.*, 2009 U.S. Dist. LEXIS 12482 (E.D. Tex. Jan. 30, 2009)........11

*Promote Innovation LLC v. Ortho-McNeil Pharm., LLC*, Case No. 2:10-cv-109-TJW, slip op. (E.D. Tex. Jan. 12, 2011) ..........................................................................12, 15

*Sanofi-Aventis Deutschland GmbH v. Novo Nordisk, Inc.*, 614 F. Supp. 2d 772 (E.D. Tex. 2009) ..........................................................................................................................9

*SMDK Corp. v. Creative Labs, Inc.*, No. 2:08-cv-26, 2009 WL 5246368 (E.D. Tex. Dec. 11, 2009) ......................................................................................................................12

*Software Rights Archive, LLC v. Google, Inc.*, Case No. 2:07-cv-511, 2010 U.S. Dist. LEXIS 73972 (E.D. Tex. July 22, 2010) ......................................................................7, 10

*In re TS Tech United States Corp.*, 551 F.3d 1315 (Fed. Cir. 2008) .............................6

*In re Volkswagen of Am., Inc.,* 545 F.3d 304 (5th Cir. 2008)............................2, 6, 9, 14

*WiAV Networks, LLC v. 3Com Corp.*, Civil Action No. 5:09-CV-101-DF, slip op. (E.D. Tex. July 15, 2010) ................................................................................................10

*In re Zimmer Holdings, Inc.*, 609 F.3d 1378 (Fed. Cir. 2010)......................................7

DM1\2494625.4

**Federal Statutes**

28 U.S.C. §§ 1400(b) ...............................................................................................................8

28 U.S.C. § 1404(a) ......................................................................................................... 5-6, 8

**Rules**

General Order No. 09-20 .........................................................................................................2

Local Rule CV-7(g) ...............................................................................................................15

**Other Authorities**

U.S. Patent No. 5,388,101.......................................................................................................3

U.S. Patent No. 5,592,491.................................................................................................... 1-4

DM1\2494625.4

I.    **INTRODUCTION**

Plaintiff EON Corp. IP Holdings, LLC ("EON IP Holdings") alleges in its Amended Complaint that numerous defendants infringe U.S. Patent No. 5,592,491 (the "'491 Patent"), which generally relates to a communication network and methods for communicating in the same. (Dkt. No. 64).  The accused products generally include various networking and mobile telephone products.  EON IP Holdings is a subsidiary of EON Corporation and appears to have been created to serve as a serial plaintiff in a number of patent suits arising out of the '491 patent, its parent patent and other patents assigned to EON Corporation.  To date, EON IP Holdings has initiated the following lawsuits in the <u>Tyler Division</u> of the Eastern District of Texas: *EON Corp. IP Holdings, LLC v. Skytel Corp.*, 6:08-cv-385-LED-JDL, *EON Corp. IP Holdings, LLC v. Sensus Metering Systems, Inc.*, 6:09-cv-116-LED-JDL, *EON Corp. IP Holdings, LLC v. T-Mobile USA, Inc.*, 6:10-cv-379-LED-JDL and *EON Corp. IP Holdings, LLC v. Skyguard, LLC et al*, 6:11-cv-00015-LED.  Likewise, EON IP Holdings initiated a lawsuit in the District of Delaware regarding a separate patent: *EON Corp. IP Holdings, LLC v. FLO TV, Inc., et al.*, 10-cv-812-SLR (the "Delaware Action").  Notably, many of the Defendants in the Delaware Action also are Defendants in this lawsuit including: Sprint, HTC, U.S. Cellular and Motorola.  (*See* Yungwirth Decl. at Ex. 1).[1]

Based on the foregoing, it is apparent that EON IP Holdings has handpicked multiple venues across the country and even chosen to file cases in multiple divisions within this judicial

---

[1] EON Corporation also was a declaratory judgment defendant in *Verizon Clinton Center Drive Corp. v. EON Corp.*, Civ. Act. No. 1:10-cv-00179 (D. Del.) that involved patents related to the '491 Patent.

district -- knowing that by doing so it was insuring it would get a different judge for its later filed case than for its earlier filed cases. EON IP Holdings' forum shopping demonstrates that there would be no legitimate prejudice to EON IP Holdings from litigating this case in the Northern District of California ("NDCA").

Further, none of the Defendants are based in or have substantial operations in the Eastern District of Texas ("EDTX"). In contrast, the connections to the NDCA are numerous. Six of the defendants in this case are located in the NDCA. With respect to each of those six Defendants, a majority of the witnesses with relevant information reside in the NDCA and an overwhelming majority of their documents are stored in the NDCA. Additionally, the prosecutor of the '491 Patent, an important non-party witness, also resides in the NDCA. Three other Defendants are headquartered in nearby Washington State, which is clearly much closer to the NDCA than EDTX. Thus, as explained in greater detail below, all of these *Volkswagen* factors weigh in favor of transferring this case to the NDCA.

In its opposition, EON may argue to keep this case in the EDTX based on judicial familiarity with the subject matter of the patents. However, this is the first case filed by EON IP Holdings in the Marshall Division and this Court has no such familiarity. Indeed, by filing in the Marshall Division, EON has demonstrated that it does not value judicial economy or familiarity with the issues because this Court's General Order No. 09-20 provides that a Marshall filing will not be assigned to a Tyler judge. The Moving Defendants, therefore, respectfully ask the Court not to accept EON's forum shopping and instead to transfer this patent infringement action to the NDCA – the real center of activity in this case.

## II.     BACKGROUND FACTS

EON IP Holdings filed its Complaint in this action on October 22, 2010, against sixteen defendants.  (Dkt. No. 1).  EON IP Holdings then amended its Complaint on January 11, 2011, to include eight additional defendants for a total of 24 defendants.  (Dkt. No. 64).  As of the filing of this Motion, this case has not left the starting blocks.  Based on the delay associated with the addition of numerous Defendants on January 11, 2011, an overwhelming majority of the Defendants sought extensions until March of 2011 to respond to the Amended Complaint so that there generally is a common response date.[2]

### A.     **Plaintiff EON IP Holdings**

EON IP Holdings alleges in its Amended Complaint that its principal place of business is in Tyler, Texas.  However, all evidence demonstrates that EON IP Holdings' presence in the Eastern District of Texas is ephemeral and appears to be an artifact created solely to manipulate the venue analysis.  There is no evidence that EON IP Holdings actually conducts any business here, except its initiation of various patent infringement lawsuits from the place of business of its attorneys.  In fact, EON IP Holdings was incorporated less than a month before filing its first lawsuit involving a patent in the same patent family as the '491 Patent.[3]  (*See* Yungwirth Decl. at Exs. 2 and 3).

The nature of EON IP Holdings' business purpose is further evidenced by its license to

---

[2] The two exceptions are Broadsoft, which filed a Motion to Dismiss on January 31, 2011, and Sensus, which filed an Answer on January 26, 2011.  (See Dkt. Nos. 94 and 83).

[3] EON's first litigation was filed on September 29, 2008 --  *EON Corp. IP Holdings, LLC v. Verizon Clinton Center Drive Corp.*, 6:08-cv-385-LED-JDL.  In that case, EON asserted U.S. Patent No. 5,388,101, among others, which is a parent of the '491 Patent at issue in this case.

the '491 Patent.  EON Corporation, which has its U.S. offices in Herndon, Virginia and more recently, in Austin, Texas, granted a patent license to EON IP Holdings on September 29, 2008, *i.e.*, the same day EON filed its first lawsuit.  (*See* Yungwirth Decl. at Ex. 4).  That license was executed by Alfonso Barragan in his capacity as president of EON Corporation (*i.e.*, the parent licensing entity in Herndon, Virginia) and Manager of EON IP Holdings (*i.e.*, the subsidiary licensee).  (*Id.*).  Mr. Barragan is believed to reside in Monterrey, Mexico, and the license confirms that EON IP Holdings' address was that of its registered agent and litigation counsel in the first lawsuit, Potter Minton.  (*Id.*).  Simply put, EON IP Holdings is a Tyler, Texas front for EON Corporation and was created to defend against venue challenges.

## B.  Defendants

The twenty-four Defendants in this case are located throughout the United States, Europe and Asia, with a critical mass of Defendants located on the U.S. west coast.  Indeed, one-fourth of the defendants are located in the NDCA.  Aruba Networks, Inc., Cisco Systems, Inc., Meru Networks, Inc., Stoke, Inc., Palm, Inc., and Kineto Wireless, Inc. have their principal places of business in Northern California (the "California Defendants").  (*See* Dkt. No. 64 at ¶¶ 3, 8, 10, 15, 18, 23).  EON also alleges that SerComm Corporation is a Taiwanese corporation and that its U.S. headquarters is located in the NDCA.  (*Id.* at ¶ 11).  Three other defendants, ip.access, Inc., Juni America, Inc., and HTC America, Inc., are located in Washington state, which is much closer to NDCA than EDTX.  (*Id.* at ¶¶ 6, 7, 17).  By comparison, none of the Defendants are based in or have a principal place of business in the EDTX and even EON IP Holdings does not claim to have a place of business in the Marshall Division of the EDTX.  (*Id.* at ¶ 1).

Against this backdrop, it is readily apparent that an overwhelming majority of at least the California Defendants' relevant documents and witnesses that may be relevant to this case are located in California.  For example, Cisco's documents related to the accused Wi-Fi/UMA compliant wireless access point (*i.e.*, the WRTU54G-TM) are located in and/or are accessible from San Jose, California.  (Doo Decl. at ¶¶ 6 & 7).  Likewise an overwhelming majority of fact witnesses that Cisco understands will have information regarding the accused products are also located in California. (*Id.* at ¶¶ 5-7).  Indeed, Cisco has not identified any fact witnesses who are located in the Eastern District of Texas.  (*Id.* at ¶ 8).  Additionally, Cisco has identified several third party witnesses who may have relevant information regarding the core UMA technology that EON IP Holdings appears to be accusing and that are located in the NDCA.  (*Id.* at ¶ 10).  Finally, the chipsets included in one or more of the accused products were manufactured by a third party that is headquartered in Milpitas, California (NDCA).  (*Id.*).

The connections between the NDCA and Cisco are not unique.  At least Moving Defendants ip.access, Aruba, Stoke and Kineto, likewise, have numerous connections to the NDCA as set forth in the Declarations of Anthony Jones, Michael Galvin, Venkat Prabhala and Martin Hernandez, filed contemporaneously with this Motion.

## III.   ARGUMENT

### A.   <u>Standard of Review</u>

Section 1404(a) provides that a district court may transfer a civil action to any district in which it might have been filed "[f]or the convenience of the parties and witnesses" and "in the interests of justice."  28 U.S.C. § 1404(a).  The Fifth Circuit made clear that a transfer should be ordered where the transferee forum is "clearly more convenient" than the plaintiff's chosen

venue. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (transferred from EDTX to the Northern District of Texas); *In re TS Tech United States Corp.*, 551 F.3d 1315 (Fed. Cir. 2008) (issuing writ of mandamus ordering transfer of action from the EDTX to the Southern District of Ohio).  Plaintiff's venue choice is not a factor to be considered in this analysis:  "Fifth Circuit precedent clearly forbids treating the plaintiff's choice of venue as a distinct factor in the § 1404(a) analysis." *Id.* at 1320.  Moreover, the deference accorded to plaintiff's chosen venue "is of minimal value when none of the parties reside in this *division* of this District." *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 677 (E.D. Tex. 2001) (emphasis added).

With respect to transfer motions, the Fifth Circuit has adopted "the private and public interest factors" test used by many courts to decide transfer requests. *Volkswagen*, 545 F.3d at 315.  Where those factors show that another venue is "clearly more convenient," cases in this district not only may, but *should* be transferred.  *See id.; TS Tech*, 551 F.3d at 1319. Convenience and costs to parties and third parties, availability of compulsory process, and ease of access to proof generally are important private factors. *See In re Genentech*, 566 F.3d 1338, 1342-45 (Fed. Cir. 2009).  When a substantial number of party and third-party witnesses live in the transferee forum, while few live in the plaintiff's chosen forum, transfer should be ordered. *Id.*; *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009) ("This court has held and holds again in this instance that in a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer.").

### B.        EON Has Only An "Ephemeral" Connection to the Eastern District of Texas

As described above, EON IP Holdings was formed in Tyler, Texas during the same

month that it initiated its first patent infringement lawsuit.  Upon information and belief, EON conducts no business in the EDTX other than enforcing its parent's intellectual property and has few, if any, employees in Tyler, Texas.  (Yungwirth Decl. at ¶ 8).  Moreover, mere days before filing its first lawsuit, EON IP Holdings' alleged principal place of business was that of its litigation counsel in Tyler, Texas.  (*Id.* at Exs. 4 and 5).

The Federal Circuit has repeatedly disapproved of such tactics, most recently in *In re Microsoft Corporation*, -- F.3d --, Misc. No. 944, 2011 U.S. App. LEXIS 80 (Fed. Cir. Jan. 5, 2011) (granting transfer despite plaintiff's incorporation in Texas 16 days prior to filing suit).  As the Federal Circuit explained, "[t]he Supreme Court has long urged courts to ensure that the purposes of jurisdictional and venue laws are not frustrated by a party's attempt at manipulation."  *Id.* at *6.  The Court further held that the plaintiff's presence in the EDTX was "recent, ephemeral, and a construct for litigation and appeared to exist for no other purpose than to manipulate venue."  *Id.*at *8-9.  *See also, In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1381 (Fed. Cir. 2010) (finding that plaintiff was "attempting to game the system by artificially seeking to establish venue" where plaintiff transferred files from Michigan to a Texas office space it shared with other of its counsel's clients); *Software Rights Archive, LLC v. Google, Inc.*, Case No. 2:07-cv-511, 2010 U.S. Dist. LEXIS 73972, at *16 (E.D. Tex. July 22, 2010) (noting that "establishing a principal place of business in this district shortly before filing suit does not create a local interest.").

Because there is no connection between EON IP Holdings and the Marshall Division of EDTX and only an ephemeral connection between EON IP Holdings and the Tyler Division of

the EDTX, this is exactly the type of case that the Federal Circuit found in *Microsoft* should be transferred to a more convenient forum.

### C.     This Action Might Have Been Brought In Northern California

The threshold determination to be made under § 1404(a) is whether the claim could have been filed in the judicial district to which transfer is sought. *In re Horseshoe Entertainment*, 337 F.3d 429, 433 (5th Cir. 2003), *cert. denied*, 540 U.S. 1049 (2003).   Venue in a patent infringement action is proper in the district where the defendant resides, or where the defendant has (allegedly) committed acts of infringement.  28 U.S.C. §§ 1400(b); 1391(c) ("a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced").   As to the patent infringement claims brought by EON IP Holdings in this action, all Defendants that have noticed an appearance of counsel, with the exception of nTelos, Inc. and Cellular South, Inc.,[4] have consented to the jurisdiction of the NDCA for the limited purpose of this case and have confirmed that they design and/or offer for sale products accused of infringement in the NDCA and/or offer for sale products that are part of networks provided to California customers.   (See Yungwirth Decl. at ¶ 9).   Further, of the Defendants who have not yet appeared, none are headquartered in the EDTX.[5]

---

[4] During the meet and confers referenced in the Certificate of Conference, nTelos and Cellular South contended that they are not subject to personal jurisdiction in EDTX or NDCA and, therefore, the case should be dismissed as to them regardless of the outcome of this Motion. SerComm Corporation contends that it has not offered for sale or sold the accused products in NDCA or EDTX, however, SerComm consents to the jurisdiction of NDCA for the limited purpose of this case.

[5] It is irrelevant whether or not EON IP Holdings is subject to personal jurisdiction in the NDCA.  *In re Genentech*, 566 F.3d at 1346 ("There is no requirement under § 1404(a) that a

(Continued…)

**D.     Each of the Private Interest Factors Strongly Favors Transfer To NDCA**

Once it is determined that a case could have been brought in the transferee forum, the Court then must consider the private interest factors. *Sanofi-Aventis Deutschland GmbH v. Novo Nordisk, Inc.*, 614 F. Supp. 2d 772, 776 (E.D. Tex. 2009). The so-called private interest factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Volkswagen*, 545 F.3d at 315.

**1.     Relative Ease of Access to Sources of Proof.**

"[A]lmost invariably, this factor will turn upon which party will most probably have the greater volume of documents relevant to the litigation and their presumed physical location in relation to the transferee and transferor venues." *Fujitsu Ltd. v. Tellabs, Inc.*, 639 F. Supp. 2d 761, 767 (E.D. Tex. 2009). Generally, in "patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (quoting *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 330 (E.D.N.Y. 2006) (internal quotations omitted).

This factor overwhelmingly supports transfer because relevant documents of the six California-based defendants are largely to be found in the NDCA. (*See* Doo Decl. at ¶¶ 5-7;

---

(Continued…)

transferee court have jurisdiction over the plaintiff or that there be sufficient minimum contacts with the plaintiff.").

Galvin Decl. at ¶¶ 4, 6; Hernandez Decl. at ¶¶ 3-4; Prabhala Decl. at ¶ 4). *See also, Software Rights Archive*, 2010 U.S. Dist. LEXIS 73972, at *9-10 (finding this factor strongly in favor of transfer where defendants showed that most of the documentary evidence was located in the NDCA). Likewise, various third-party documents and witnesses such as those from technology and chipset suppliers and the prosecuting attorney's files will be found in the NDCA and would be subject to streamlined third party discovery as compared to such discovery if the case is not transferred. (Doo Decl. at ¶ 10; Yungwirth Decl. at ¶ 10; Hernandez Decl. at ¶ 6). On the other hand, none of the Defendants are aware of relevant hard copy documents in the EDTX. (Doo Decl. at ¶ 9; Galvin Decl. at ¶ 7; Hernandez Decl. at ¶ 7; Prabhala Decl. at ¶ 4). Clearly, this first private interest factor weigh heavily in favor of transfer to the NDCA.

> ### 2. The Availability of Compulsory Process to Secure the Attendance of Witnesses

The second private interest factor likewise weighs in favor of transfer because, unlike the EDTX, the NDCA has subpoena power over many non-party witnesses. *See In re Hoffman-La Roche, Inc.*, 587 F.3d 1333, 1337-38 (Fed. Cir. 2009) (holding that district court should have weighed another venue's absolute subpoena power over non-party witness to favor transfer); *Genentech*, 566 F.3d at 1345 (ordering transfer where "[t]he fact that the transferee venue is a venue with usable subpoena power here weighs in favor of transfer, and not only slightly."); *WiAV Networks, LLC v. 3Com Corp.*, Civil Action No. 5:09-CV-101-DF, slip op. at 6 (E.D. Tex. July 15, 2010) (finding that this factor "will generally favor transfer when more non-party witnesses reside within the proposed venue than in the current venue.").

The knowledge possessed by third-party witnesses relates to important issues in this case, including the prosecution of the patent-in-suit and the design and operation of the underlying

accused technology.  As noted above, the patent prosecution attorney is located in the NDCA. (Yungwirth Decl. at Ex. 6-7).  Further, the chipsets included in some of the accused products were manufactured by a non-party that is headquartered in the NDCA.  (Doo Decl. at ¶ 10). Likewise, many of the accused products include third-party software that may be relevant to this case provided by third parties located in the NDCA.  (Doo Decl. at ¶ 10; Hernandez Decl. at ¶ 6). All of these third-party witnesses are subject to the subpoena power of the NDCA but not the EDTX.

### 3. Convenience of the Parties and Witnesses and Cost of Attendance for Willing Witnesses

This third private interest factor also weighs in favor of transfer because ten of the Defendants are based on the West Coast and six in the NDCA.  Accordingly, many of the potential party witnesses on technical, marketing and financial subjects live in or near the NDCA.  (*See* Doo Decl. ¶¶5-7; Galvin Decl. ¶¶ 3-5; Hernandez Decl. ¶¶ 2, 4-5; Jones Decl. ¶ 3; and Prabhala Decl. at ¶¶ 3 and 5).  It will be far more convenient for the West Coast Defendants' witnesses to travel to the NDCA than to the EDTX.  *Partsriver, Inc. v. Shopzilla, Inc.*, 2009 U.S. Dist. LEXIS 12482, at *7-8 (E.D. Tex. Jan. 30, 2009) (transferring the case from the EDTX to the NDCA notwithstanding a Washington defendant).

On the other hand, not one defendant is located in the EDTX.  Only Mavenir Systems, Inc. is based in Texas, and it is located in the Northern District of Texas.  The remaining Defendants who are not based on the West Coast are based overseas or elsewhere in the United States and generally will have to travel long distances to participate at a trial in EDTX or

NDCA.[6]  And all defendants who have appeared either move for, consent to, or do not oppose transfer to California.  *See SMDK Corp. v. Creative Labs, Inc.*, No. 2:08-cv-26, U.S. Dist. LEXIS 123486, at *7 (E.D. Tex. Dec. 11, 2009) (granting motion to transfer multi-defendant case from EDTX to NDCA where some parties had connections to California even where the "Northern District of California may potentially be less convenient for defendants located closer to the Eastern District of Texas . . . but no defendant opposes the present motion to transfer.").

Moreover, EON's ephemeral connections to Tyler, Texas, do not outweigh the convenience of the NDCA for many parties. As noted above, the plaintiff's choice of forum is not a separate factor to be considered in the transfer analysis but instead relates to the convenience analysis.  *Nintendo*, 589 F.3d at 1200.  Here, EON IP Holdings likely has very few, if any, party witnesses located in Texas.  (Yungwirth Decl. at ¶ 8).  Gilbert Dinkins, the named inventor, resides in Forest, Virginia.  (*Id.*, Ex. 4 at 3).  Likewise, Mr. Barragan, the president of EON Corporation and leader of EON IP Holdings resides in Mexico and would have to travel to the United States regardless of whether this case proceeds in EDTX or is transferred to NDCA. (*Id.* at ¶ 7).  When the limited number of potential EON IP Holdings' witnesses in the EDTX is compared with the substantial number of parties and important third parties located in, or near, the NDCA, it is clear that the NDCA is the more convenient forum.  *See, e.g., Genentech*, 566 F.3d at 1345 (ordering transfer to the venue where a substantial number of parties and third parties reside); *Promote Innovation LLC v. Ortho-McNeil Pharm., LLC*, Case No. 2:10-cv-109-

---

[6] The Defendants that are not based in California or Washington are located in Sweden, Taiwan, North Carolina, Maryland, north Texas, Massachusetts, Kansas, Louisiana, Illinois (3), Mississippi, and Virginia.  Thus, the NDCA is the only clear nexus of activity in this case.

TJW, slip op. at 10 (E.D. Tex. Jan. 12, 2011) (finding this factor in favor of transfer where more witnesses would be inconvenienced by traveling to the EDTX than to the transferee venue).  As the Federal Circuit has confirmed, the question is not whether "*all* of the witnesses" reside in the transferee forum, but whether a "substantial number" are there.  *Genentech*, 566 F.3d at 1345.

### 4.      Other Practical Factors Favor Transfer to California

The final private interest considerations are the practical factors related to ease, expense, and expediency of trial.  This case remains at its infancy and this Motion is timely.  No scheduling order has been entered and there has been no discovery.  To the extent EON IP Holdings argues that this case should remain in the EDTX because of the other '491 Patent case pending in the Tyler Division, Judge Love has recently addressed this very issue.  In *SIPCO, LLC v. Control4Corp*, plaintiff argued that the existence of a lawsuit pending in another division in the EDTX regarding the same patents and technology counseled in favor of transfer.  The Court was not persuaded by this argument and explained that the Court in Tyler "has no knowledge of that case and nothing is gained in terms of efficiency merely because the case is pending within the same judicial district as this case."  *SIPCO, LLC v. Control4Corp*, Civil Action No. 6:10-cv-249-LED-JDL, slip op. at *6 (E.D. Tex. Feb. 8, 2011).

Additionally, by filing this case in the Marshall Division, as opposed to the Tyler Division, EON IP Holdings should be estopped from arguing that litigating similar patents in different forums presents any hardship.  EON IP Holdings already is litigating these patents in two separate courts before two separate judges.  Further, EON IP Holdings is litigating a separate patent against some of these same Defendants in Delaware.  Thus, EON IP Holdings has chosen

to pursue its patent lawsuits in multiple venues and the existence of similar litigation in Tyler should not preclude the transfer of this case to the NDCA.

**E.**     **The Public Interest Factors Also Favor Transfer Or Are Neutral**

The final factors to be considered are the public interest factors including: (1) administrative difficulties flowing from court congestion; (2) local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law.  *Volkswagen*, 545 F.3d at 315.  These factors either weigh in favor of transfer or are neutral.

**1.     Administrative Difficulties Flowing From Court Congestion**

The most recent Federal Judicial Caseload Statistics indicate that the median time to trial in civil cases is slightly shorter in the NDCA compared with the EDTX (24.2 months in the NDCA compared to 25.8 in the EDTX).  (*See* Yungwirth Decl. at Ex. 8).  Thus, the first public interest factor is neutral or weighs slightly in favor of transfer.

**2.     Local Interest in Adjudicating Local Disputes**

Given the substantial number of Defendants located in the NDCA, and the absence of any party's substantial business in the Marshall Division, the NDCA has a greater interest in this suit than the EDTX and especially the Marshall Division.  Combined, there are many thousands of Defendants' employees living in the NDCA.  (Doo Decl. at ¶ 11).  Additionally, Defendants' chipset suppliers are largely based in Silicon Valley and the prosecution counsel for the Patent-in-Suit also lives in the NDCA.  (Yungwirth Decl. at ¶ 10; Doo Decl. at ¶ 10).  Consequently, a jury member from the NDCA would likely see the issues of this case having local import.

By comparison, EON IP Holdings employs at most a handful of residents (if any) in the EDTX.  And because EON IP Holdings' only business is to license the intellectual property of its

14

parent company and litigate on its behalf, EON conducts very little business in the EDTX.  Thus, the NDCA has significantly more interest in this lawsuit than the EDTX, and this factor weights in favor of transfer to the NDCA.  *See Promote Innovation*, Case No. 2:10-cv-109, Doc. 43 at 11 ("The Court must consider local interest in the litigation because 'jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation.'" (quoting *In re Volkswagen AG,* 371 F.3d 201, 206 (5th Cir. 2004))).

### 3.  Familiarity of the Forum with the Governing Law

With respect to the third public interest factor – the forum's familiarity with the law that will govern the case – both the NDCA and the EDTX are well-equipped to adjudicate patent law issues.  Both forums have patent local rules, and both forums are well recognized as being two of most experienced forums when it comes to patent litigation.  Accordingly, this factor is neutral.

### 4.  Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law

Federal patent law will apply to the issues in this case, so there is no potential for conflict of laws.  To the extent this factor looks at the potential conflict of rulings arising from the fact that EON has pursued patent litigation arising from this patent family in the Tyler Division and now the Marshall Division of the EDTX, this is an issue of EON IP Holdings' own making resulting from its serial filings.  Moreover, the potential transferee court (NDCA) has substantial experience handling patent litigation and is well equipped with any issues that might arise.  Under these circumstances, this factor is neutral.

## IV.  CONCLUSION AND REQUEST FOR HEARING

Moving Defendants respectfully request that this Court transfer this case to the NDCA and, pursuant to Local Rule CV-7(g), they respectfully request an oral hearing for this motion.

Respectfully submitted, this 14th day of February, 2011.

/s/ J. Patrick Kelley

Matthew S. Yungwirth
Georgia Bar No. 783597
Email: msyungwirth@duanemorris.com
L. Norwood Jameson
Georgia Bar No. 003970
Email: wjameson@duanemorris.com
Leah J. Poynter
Georgia Bar No. 586605
Email: lpoynter@duanemorris.com
DUANE MORRIS LLP
700 Atlantic Center Plaza
1180 West Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 253-9600

Wesley W. Yuan
Texas Bar No. 24042434
Email: wwyuan@duanemorris.com
DUANE MORRIS LLP
1330 Post Oak Blvd., Suite 800
Houston, Texas  77056
Telephone:  (713) 402-3900

J. Patrick Kelley
Texas Bar No. 11202500
Email: patkelley@icklaw.com
Otis W. Carroll, Jr.
Texas Bar No. 03895700
Email: fedserv@icklaw.com
IRELAND, CARROLL & KELLEY, P.C.
6101 S. Broadway, Suite 500
Tyler, Texas 75703
Telephone: (903) 561-1600
Facsimile: (903) 581-1071

*Counsel for Cisco Systems, Inc.*

16

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ M. Craig Tyler
M. Craig Tyler
ctyler@wsgr.com
State Bar No. 00794762
Brian D. Range
brange@wsgr.com
State Bar No. 24033106
900 South Capital of Texas Highway
Las Cimas IV Fifth Floor
Austin, Texas  78746-5546
Vice: 512-338-5400
Facsimile:        512-338-5499

Attorneys for Defendant,
ARUBA NETWORKS, INC.

COOLEY LLP

/s/ Jonathan G. Graves
Jonathan G. Graves
jgraves@cooley.com
Justin P.D. Wilcox
jwilcox@cooley.com
One Freedom Square
Reston Town Center
11951 Freedom Drive
Reston, VA 20190-5656
Telephone: 703.756.8119
Facsimile: 703.456.8100

*ATTORNEYS FOR DEFENDANT
BROADSOFT, INC.*

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ M. Craig Tyler
M. Craig Tyler
ctyler@wsgr.com
State Bar No. 00794762
Brian D. Range
brange@wsgr.com
State Bar No. 24033106
900 South Capital of Texas Highway

17

Las Cimas IV Fifth Floor
Austin, Texas  78746-5546
Telephone: 512-338-5400
Facsimile:        512-338-5499

Michael B. Levin (*pro hac vice* pending)
mlevin@wsgr.com
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:   (650) 565-5100

Attorneys for Defendant,
KINETO WIRELESS, INC.

WILEY REIN LLP

By: /s/ Brian H. Pandya_____
James H. Wallace, Jr.
Kevin P. Anderson
Brian H. Pandya
1776 K Street NW
Washington, D.C. 20006
Telephone: (202) 719-7000
Facsimile: (202) 719-7049
Emails:  jwallace@wileyrein.com,
kanderson@wileyrein.com,
bpandya@wileyrein.com

*Counsel for Defendant ip.access, Inc.*

MORRISON & FOERSTER LLP

By: /s/  L. Scott Oliver_____
L. Scott Oliver
Diana Luo
Jessica J. Tipton
755 Page Mill Road
Palo Alto, CA 9304
Telephone: (650) 813-5600
Fax: (650) 494-0792
soliver@mofo.com
dluo@mofo.com
jtipton@mofo.com

Attorneys for Defendant
MERU NETWORKS INC.

18

SUNSTEIN KANN MURPHY
& TIMBERS LLP

/s/ Meredith L. Ainbinder
Kerry L. Timbers
Lead Attorney
MA Bar No.:  552293
Meredith L. Ainbinder
MA Bar No.:  661132
125 Summer Street
Boston, MA  02110
Office:  617-443-9292
Fax:  617-443-0004
ktimbers@sunsteinlaw.com
mainbinder@sunsteinlaw.com

Michael C. Smith
State Bar No. 18650410
Siebman, Burg, Phillips & Smith, LLP
113 E/ Austin Street
P.O. Box, 1556
Marshall, TX 75671
Office:  903-938-8900
Fax:  903-767-4620
michaelsmith@siebman.com

COUNSEL FOR DEFENDANT
TATARA SYSTEMS, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of DEFENDANTS CISCO SYSTEMS, INC., ARUBA NETWORKS, INC., BROADSOFT, INC., IP.ACCESS, INC., MERU NETWORKS, INC., STOKE, INC., TATARA SYSTEMS, INC., and KINETO WIRELESS, INC.'s JOINT MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA via the Court's CM/ECF system per Local Rule CV-5(a)(3) on February 14, 2011.  Any other counsel of record will be served by first class mail.

/s/  Matthew S. Yungwirth

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that, on February 10 and 11, 2011, Matthew Yungwirth, lead counsel for Defendant Cisco Systems, Inc. and Dan Scardino, lead counsel for Plaintiff EON Corp. IP Holdings, LLC, conferred by telephone regarding the relief sought in this Motion. A further telephonic meet and confer took place on February 14, 2011 and was attended by Messrs. Yungwirth and Scardino and other representatives of EON and certain other Defendants (including Cabrach Connor, Jeff Johnson, J. Patrick Kelley, Robert Weber, Brian Pandya, Melvin Wilcox, Andy Tindel, Meredith Ainbinder, Johnson Kuncheria, Nelson Kuan and Clyde Siebman.  Plaintiff opposes this Motion.  Likewise, counsel for the Defendants conferred by telephone during the week of February 7, 2011 and February 14, 2011, and counsel for the Defendants that have appeared in this case but not joined this Motion confirmed that the non-moving Defendants do not oppose this Motion.

/s/  Matthew S. Yungwirth