UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| EON CORP. IP HOLDINGS, LLC,<br><br>Plaintiff,<br>v.<br><br>SENSUS, USA, INC.; ARUBA NETWORKS, INC.; BROADSOFT, INC.; CICERO NETWORKS LIMITED; CLAVISTER AB; IP.ACCESS, INC.; JUNI AMERICA, INC.; CISCO SYSTEMS, INC.; MAVENIR SYSTEMS, INC.; MERU NETWORKS, INC.; SERCOMM CORPORATION; SONUS NETWORKS, INC.; SPRINT NEXTEL CORPORATION; ADVANCED METERING DATA SYSTEMS, LLC; STOKE, INC. and TATARA SYSTEMS, INC.,<br><br>Defendants. | § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 2:10-cv-00448<br><br>JURY TRIAL REQUESTED |

## EON'S RESPONSE TO BROADSOFT'S MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT

## TABLE OF CONTENTS

I.      INTRODUCTION ........................................................................................................ 1

II.     NATURE AND STAGE OF THE PROCEEDINGS .......................................................... 1

III.    SUMMARY OF ARGUMENT .................................................................................... 1

IV.     STATEMENT OF FACTS ......................................................................................... 2

V.      CONTROLLING LAW AND STANDARDS ................................................................... 3

VI.     ARGUMENT ......................................................................................................... 4

      A.      EON Adequately Pleads Direct Infringement ............................................................ 4

      B.      EON Adequately Pleads Indirect Infringement. ...................................................... 10

      C.      EON Adequately Pleaded Willful Infringement of the '491 Patent ...................... 15

      D.      EON Should Not Be Required to Provide a More Definite Statement ................. 17

VII.    CONCLUSION ..................................................................................................... 20

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Actus, LLC v. Bank of Am. Corp.*,
    No. 2-09-cv-102-TJW, 2010 WL 547183 (E.D. Tex. Feb. 10, 2010) ......................................8

*Agilent Techs., Inc. v. Micromuse, Inc.*,
    04 CIV. 3090 (RWS), 2004 WL 2346152 (S.D.N.Y. Oct. 19, 2004)......................................19

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937 (2009) ........................................................................................................ 4

*Bay Indus., Inc. v. Tru-Arx Mfg., LLC*,
    06-C-1010, 2006 WL 3469599 (E.D. Wis. Nov. 29, 2006)....................................................19

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)...................................................................................................... passim

*Celltrace, LLC v. MetroPCS Commc'ns, Inc.*,
    6:09-cv-371, slip op. (E.D. Tex. Mar. 29, 2010) ...................................................8, 11, 14, 20

*Centillion Data Sys. v. Qwest Commc'ns Int'l*,
    Nos. 2010-1110, 2010-1131, 2011 WL 167036 (Fed. Cir. Jan. 20, 2011) .........................9, 12

*Clear with Computers v. Bergdorf Goodman*,
    No. 6:09-cv-481, 2008 WL 3155888 (E.D. Tex. Mar. 29, 2010) ......................................12, 13

*Eolas Techs. v. Adobe Sys., Inc.*,
    No. 6:09-cv-446, 2010 WL 2026627 (E.D. Tex. May 6, 2010) ........................................11, 15

*eSoft, Inc. v. Astaro Corp.*,
    No. 06-cv-00441-REB-MEH, 2006 WL 2164454 (D. Col Jul. 31, 2006).............................19

*Ferguson Beauregard/Logic Controls, Div. of Dover Res., Inc. v. Mega Sys., LLC*,
    350 F.3d 1327 (Fed. Cir. 2003)..............................................................................................6

*Fotomedia Techs. LLC v. AOL LLC*,
    No. 2:07-cv-255, 2008 WL 4135906 (E.D. Tex. Aug. 29, 2008) report and
    recommendation adopted sub nom. *Fotomedia Techs., LLC v. AOL, LLC*, 2:07-cv-
    255, 2008 WL 4372348 (E.D. Tex. Sept. 24, 2008)....................................................... passim

*In re Seagate Technology, LLC*
    497 F.3d 1360 (Fed. Cir. 2007)..............................................................................................16

*Landmark Tech. LLC v. Aeropostale*,
    6:09-cv-262, 2010 WL 5174954 (E.D. Tex. Mar. 29, 2010).....................................................7

*Lormand v US Unwired, Inc.*,
565 F.3d 228 (5th Cir. 2009) ...................................................................................4

*McZeal v. Sprint Nextel Corp.*,
501 F.3d 1354 (Fed. Cir. 2007)...........................................................................3, 5

*PA Advisors, LLC v. Google, Inc.*,
No. 2:07-cv-480 (DF), 2008 WL 4136426 (E.D. Tex. Aug. 8, 2008) ........................... passim

*Realtime Data, LLC v. Stanley*,
721 F. Supp. 2d 538 (E.D. Tex. 2010) ...........................................6, 7, 12, 13, 18

*S.O.I.TEC Silicon On Insulator Techs., S.A. v. MEMC Elec. Materials, Inc.*,
CIV. 08-292-SLR, 2009 WL 423989 (D. Del. Feb. 20, 2009) ...............................16

*Soverain Software LLC v. J.C. Penney Corp., Inc.*,
6:09-cv-274, slip op. (E.D. Tex. Apr. 12, 2010).....................................................8

*Teirstein v. AGA Med. Corp.*,
No. 6:08-cv-14, 2009 WL 704138 (E.D. Tex. Mar. 16, 2009) ..............................17

*Tune Hunter, Inc. v. Samsung Telecomms. Am., LLC*,
No. 2:09-cv-148-TJW, 2010 WL 1409245 (E.D. Tex. Apr. 1, 2010) ........................... passim

*Xpoint Techs., Inc. v. Microsoft Corp.*,
730 F. Supp. 2d 349 (D. Del. 2010)................................................................15, 16

**FEDERAL STATUTES**

35 U.S.C. § 271...................................................................................................5, 9, 13

**RULES**

Federal Rule of Civil Procedure 8 ..................................................................... passim

Federal Rule of Civil Procedure 9(b)......................................................................16

Federal Rule of Civil Procedure 12 ......................................................2, 4, 17, 20

Local Rule 3-1.........................................................................................................10

U.S. Patent No. 5,592,491.............................................................................. passim

## I.      INTRODUCTION

Plaintiff EON Corp. IP Holdings, LLC ("EON"), through its Amended Complaint has stated facially plausible claims against BroadSoft, Inc. ("BroadSoft") for infringement of U.S. Patent No. 5,592,491 (the "'491 Patent").   EON's Amended Complaint sets forth claims for direct and indirect infringement, identifies specific BroadSoft products alleged to infringe, and provides factual allegations supporting EON's claims and providing BroadSoft notice of the nature of EON's claims.   When taken as true, with all inferences drawn in EON's favor, these allegations demonstrate that EON is entitled to the relief sought in its Amended Complaint. BroadSoft's motion prematurely presents claim construction and infringement issues and elevates the pleading standard far beyond notice pleading and beyond the legal and practical requirements in patent infringement cases.

## II.     NATURE AND STAGE OF THE PROCEEDINGS

On October 22, 2010, EON filed its Original Complaint (Doc. No. 1) asserting claims against BroadSoft and other defendants for infringement of the '491 Patent.   EON filed its Amended Complaint (Doc. No. 64) on January 11, 2011, naming additional defendants and including more detailed infringement allegations.   Despite EON addressing BroadSoft's concerns by the Amended Complaint, on January 31, 2011, BroadSoft filed a Motion to Dismiss the Complaint or in the Alternative, for a More Definite Statement.  (Doc. No. 94).  Two weeks later, BroadSoft along with several other defendants requested this case be transferred to California, although BroadSoft is incorporated in Delaware and based in Maryland.  (Doc. No. 128).

## III.    SUMMARY OF ARGUMENT

EON's infringement claims, based on allegations of BroadSoft's directly and indirectly infringing activities and with reasonable inferences properly drawn in EON's favor, illustrate

facially plausible claims for relief.   BroadSoft seeks not only to prematurely argue non-infringement of the '491 Patent, but also to require an unnecessary level of factual detail in support of EON's allegations.   Despite the persistent trend of Rule 12 motion practice in the wake of *Twombly* and *Iqbal*, the law simply does not require such particularized pleading. BroadSoft's concerns are more appropriately addressed at summary judgment (if at all), after this Court has construed the claims of the '491 Patent and EON has had the opportunity to conduct discovery and solidify its infringement theories.   At this stage of litigation, EON has provided detailed, plausible infringement allegations.

## IV.    STATEMENT OF FACTS

On January 7, 1997, the United States Patent and Trademark Office duly and legally issued the '491 Patent, titled "Wireless Modem," after full and fair examination.   The patented invention is a system and method for communicating between a subscriber unit and a base station repeater cell in a two-way communication network.   (Doc. No. 64 at ¶¶ 29-51).   More specifically, the '491 Patent relates to a method or network providing dual modes or communication paths for transmissions between subscriber units and a local base station repeater cell.   ('491 Patent Abstract).   EON is the assignee through an exclusive license of all right, title and interest in and to the '491 Patent and possesses all rights of recovery under the '491 Patent, including the exclusive right to recover for infringement.   (Doc. No. 64 at ¶ 28).   The '491 Patent is valid and enforceable.   EON initiated this action for patent infringement against multiple defendants on October 22, 2010.   (Doc. No. 1).   BroadSoft markets, among other things, platform solutions for mobile communication networks:

> BroadWorks Mobile Unified Communications is a unique solution that creates new revenue opportunities for mobile and converged operators.   By seamlessly integrating mobile devices with a business's real-time communications and

business applications, the mobile operator delivers a high-demand service that grows minutes of use (MOU) and average revenue per user (ARPU).[1]

A key component of the Mobile Unified Communications Solution, the BroadWorks Mobile Manager delivers sophisticated mobile policy enforcement, call logging, and optimized routing so that the enterprise can achieve a new level of control over mobile phone expenses.[2]

Suitable for both today's networks and IP Multimedia Subsystem (IMS) networks, the BroadWorks Mobility Manager provides call routing, continuity, and seamless handover between IP domains and circuit-switched domains. . . . [T]he BroadWorks Mobility Manager allows operators to provide Voice Call Continuity (VCC) for dual-mode handsets-mobile phones that function both on normal cellular connections and Wi-Fi connections.[3]

Consumer and Enterprise SIP femtocells are more than just about improving indoor coverage. The deployment of this technology in combination with BroadWorks allows for new and innovative "femto" services to be delivered 2G/3G mobile users.[4]

As set forth in its Amended Complaint, EON's claims are based on BroadSoft's actions

constituting direct and indirect infringement, thereby causing EON to suffer damages.  (Doc. No.

64 at ¶ 31).

## V.    CONTROLLING LAW AND STANDARDS

Regional circuit law applies to motions to dismiss pursuant to Federal Rule of Civil

Procedure 12(b)(6) because such motions present "a purely procedural question not pertaining to

patent law."  *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007).  Courts

must "accept all factual allegations in the complaint as true" and "draw all reasonable inferences

---

[1]    BroadSoft website (Products/BroadWorks/Unified Communications/Mobile Unified Communications) *available at* http://www.broadsoft.com/products/broadworks/unified-communications/mobile/ (last visited Feb. 17, 2011).

[2]    *Id.*

[3]    BroadSoft website *available at* http://www.broadsoft.com/news/2007/ MobilityManager (last visited Feb. 17, 2011).

[4]    BroadSoft website (Technology/Network Architecture/Converged Operators/SIP-based 3G Femtocells) *available at* http://www.broadsoft.com/technology/network-architecture/mobile-wireless/sip-based-3g-femtocells/ (last visited Feb. 17, 2011).

in the plaintiff's favor." *Lormand v US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).  In the Fifth Circuit, "[m]otions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Id.* (internal quotations omitted).

Federal Rule of Civil Procedure 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (internal quotations omitted). In *Twombly*, the Supreme Court clarified that in order to survive a Rule 12(b)(6) motion, a complaint "does not need detailed factual allegations," however, the allegations "must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.*

Further, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).  This undertaking is context-specific and will draw on the reviewing court's "judicial experience and common sense." *Id.*

## VI.  ARGUMENT

EON's Amended Complaint provides sufficient legal and factual allegations of direct, indirect, and willful infringement to give BroadSoft fair notice of the claims against it.  These allegations are entitled to be taken as true and with all inferences drawn in EON's favor. *Lormand*, 565 F.3d at 232.  Together, the detailed allegations set forth in the Amended Complaint are sufficient to set forth a plausible claim for relief.

### A.  <u>EON Adequately Pleads Direct Infringement</u>

As both the Federal Circuit and this Court have recognized, a plaintiff's claim for direct infringement "need only plead facts sufficient to place the alleged infringer on notice as to what

4

he must defend." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007); *Tune Hunter, Inc. v. Samsung Telecomms. Am., LLC*, No. 2:09-cv-148-TJW, 2010 WL 1409245, at *2 (E.D. Tex. Apr. 1, 2010).  A plaintiff "is not required to specifically include each element of the claims of the asserted patent." *McZeal*, 501 F.3d at 1357.  Rather, a complaint for direct infringement should mirror the basic elements of Federal Rules of Civil Procedure Form 18 and include:  "1) an allegation of jurisdiction; 2) a statement that the plaintiff owns the patent; 3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; 4) a statement that the plaintiff has given the defendant notice of its infringement; and 5) a demand for an injunction and damages." *McZeal*, 501 F.3d at 1356-57; *see also Tune Hunter*, 2010 WL 1409245, at *3.

This simple showing is all that is required to satisfy the *Twombly* pleading standard and survive a motion to dismiss.  *Tune Hunter*, 2010 WL 1409245, at *3 (noting that Form 18 illustrates the elements a plaintiff must allege in order to survive a motion to dismiss).  Recognizing the limitations of publicly available data, the Federal Circuit explained that the details of infringement need not be alleged at the pleadings stage, but are rather "something to be determined through discovery." *McZeal*, 501 F.3d at 1358.

### 1. EON's Direct Infringement Claims More Than Meet The *Twombly* Standard.

EON's direct infringement claims satisfy the pleading standard described in *McZeal* and applied by this Court in *Tune Hunter*.  The Complaint includes each of the five required elements, including:  an allegation of jurisdiction (Doc. No. 64 at ¶¶ 25-27); a statement that EON owns the patent-in-suit (Doc. No. 64 at ¶ 28); a statement that BroadSoft infringes the '491 Patent under 35 U.S.C. § 271 (Doc. No. 64 at ¶ 31); notice to BroadSoft of its infringement (Doc. No. 64 at ¶ 53); and a demand for injunction and damages (Doc. No. 64 at ¶¶ A-F).  In

addition, EON identifies the accused products with adequate specificity, alleging that "BroadSoft makes, uses, imports, offers for sale, or sells dual-mode related network components, associated services, data systems, or related software solutions that fall within at least one claim of the '491 Patent . . . ."  (Doc. No. 64 at ¶ 31).  EON also accuses BroadSoft's "making, using, importing, offering for sale, selling, or inducing the sale of infringing communication networks . . . that fall within the scope of . . . at least one claim of the '491 Patent."  (Doc. No. 64 at ¶ 4).  Further, EON alleges "BroadSoft has been and is presently infringing . . . alone or through its relationships with . . . wireless network operators, wireless customers and/or end-users."  Indeed, EON alleges more than is required by additionally accusing two specific software products: "BroadWorks and Mobility Manager."  *Id.*

BroadSoft's argument that EON is required to identify "specific accused infringing products or instrumentalities," rather than "merely identified generic categories of products instead of the specific accused" misstates the law.  (Doc. No. 94 at 8).  As described above, a complaint for infringement need only mirror the basic elements of Form 18, which provides the sample allegation that a defendant infringes by "making, selling, and using *electric motors* that embody the patented invention."  FED. R. CIV. PROC. FORM 18 (emphasis added).  Thus, a general category of products, such as "electric motors" suffices.

Furthermore, this Court has never required a plaintiff to identify specific accused products.  In *Realtime*, this Court specifically wrote to correct the erroneous implication in the Magistrate's Report and Recommendation that a plaintiff was required to "specifically identify for each defendant accused products, services, methods, or other infringing acts."  *Realtime Data, LLC v. Stanley*, 721 F. Supp. 2d 538, 539 (E.D. Tex. 2010).  While acknowledging that it is possible for an infringement description to be too vague, this Court emphasized that is has

never "required a specific identification of accused products." *Id.* Rather, "[t]he Court examines the description of the accused systems or devices in context to determine whether the description is sufficient, but has not required that individual products be identified." *Id.*

In *Tune Hunter*, this Court held that the infringement description accusing "music identification systems, devices, products, and/or components thereof that embody . . . the [patent-in-suit]" was sufficiently specific "in light of the technology at issue." *Tune Hunter*, 2010 WL 1409245, at *4. By contrast, where this Court has found descriptions lacking, the complaint has offered no context for understanding the accused product description. In *Realtime*, the description "data compression products and/or services" was held to be too vague because the allegation lacked any context or explanation. *Realtime Data*, 721 F. Supp. 2d at 543. Likewise, in *Landmark Technology LLC v. Aeropostale*, the plaintiffs baldly accused "electronic commerce systems" without providing any additional context. *Landmark Tech. LLC v. Aeropostale*, 6:09-cv-262, 2010 WL 5174954, at *3 (E.D. Tex. Mar. 29, 2010).

In contrast to these complaints, EON has provided a thorough explanation of the patented invention, "e.g., dual-mode communication networks comprising subscriber units, base stations, and/or network hub switching centers, and modems that facilitate switching between communication paths in accordance with one or more claims of the '491 Patent," to inform each of its accused product descriptions. (Doc. No. 64 at ¶ 31). In light of this context and the technology at issue, and much like the complaint upheld in *Tune Hunter*, EON's identification of BroadSoft's accused products is sufficiently descriptive. Not only does EON accuse BroadSoft's "dual-mode related network components, associated services, data systems, or related software solutions," but EON goes further and specifically identifies two accused software products: BroadSoft's "BroadWorks and Mobility Manager" products. *Id.*

### 2.   BroadSoft's Attempt to Prematurely Argue Non-infringement is Inappropriate at the Pleading Stage.

BroadSoft's remaining attacks on EON's direct infringement allegations are an attempt to prematurely argue non-infringement, a tactic routinely rejected by this Court.  BroadSoft argues both its interpretation of the '491 Patent and its application to BroadSoft's products, claiming: "EON's systems claims include hardware elements . . . none of which could be satisfied by software.  And, the method claims of the '491 Patent involve the operation of a 'dual-mode' communication network," which BroadSoft states it does not operate.  (Doc. No. 94 at 9). However, arguments related to claim construction or non-infringement theories are not relevant to the pleading threshold at issue here.

The Eastern District of Texas repeatedly has rejected premature argument of non-infringement prior to claim construction and before infringement theories are fully developed.  In *Soverain Software*, this Court specifically rejected the very argument that BroadSoft makes here: "To the extent that [defendant] is arguing that it cannot infringe the patents – and therefore [plaintiff] could not have adequately pled infringement – because [defendant] does not direct or control all of the infringing elements, that argument is premature at this stage of the case." *Soverain Software LLC v. J.C. Penney Corp., Inc.*, 6:09-cv-274, slip op. at 2 (E.D. Tex. Apr. 12, 2010); *see also Celltrace, LLC v. MetroPCS Commc'ns, Inc.*, 6:09-cv-371, slip op. at 4 (E.D. Tex. Mar. 29, 2010) (finding an argument that that a party did not make, use, or sell the entire network was a premature argument of non-infringement); *Actus, LLC v. Bank of Am. Corp.*, No. 2-09-cv-102-TJW, 2010 WL 547183, at *2 (E.D. Tex. Feb. 10, 2010) (denying motion to dismiss as premature and rejecting the defendant's invitation to "simultaneously adopt a construction that the claims can only be performed by multiple actors – before the completion of claim

construction discovery and without the benefit of thorough claim construction – and then impose an excessively conservative pleading requirement on those claims").

Moreover, BroadSoft's non-infringement theory appears to rely on the erroneous assumption that a direct infringer must own every element of a system claim in order to infringe the patent. For example, BroadSoft emphasizes that it is only a software provider and thus cannot infringe the system claims of the '491 Patent, which include hardware elements. (Doc. No. 64 at 9). However, the Federal Circuit's recent opinion in *Centillion* specifically rejects this premise. *Centillion Data Sys. v. Qwest Commc'ns Int'l*, Nos. 2010-1110, 2010-1131, 2011 WL 167036, at *5 (Fed. Cir. Jan. 20, 2011) (clarifying the meaning of the term "use" under 35 U.S.C. § 271(a) to include any action that "puts the system as a whole into service, i.e., controls the system and obtains benefit from it"). The Federal Circuit expressly stated that a Court "err[s] . . . by holding that in order to 'use' a system under §271(a), a party must exercise physical or direct control over each individual element of the system." *Id*. at *4. Thus, the claim that BroadSoft only produces software does not undermine EON's plausible infringement theory that BroadSoft "uses" the patented invention.

Regarding direct infringement of the '491 Patent's method claims, BroadSoft mischaracterizes EON's allegations (*e.g.*, BroadSoft's software products "facilitate mobile devices to switch between communication paths") as unable to describe performing the claimed method. (Doc. No. 94 at 9-10). Whether BroadSoft's products perform the steps of the method claims is not a pleading sufficiency issue. EON's allegations satisfy pleading requirements as discussed above and further demonstrated by BroadSoft's engagement on specific infringement issues.[5] But, again, consideration of those infringement issues is premature.

---

[5]   EON's allegations are not limited to software. EON identifies in its Amended Complaint "dual-mode related network components, associated services, data systems, or related software solutions that fall

Accordingly, EON's direct infringement allegations meet the *Twombly* pleading standard. BroadSoft's present concerns are more appropriately addressed through discovery and the service of infringement contentions pursuant to Local Patent Rule 3-1. Any remaining concerns about factual sufficiency or theories of infringement can be addressed during summary judgment, if warranted.

### B.     EON Adequately Pleads Indirect Infringement.

EON's indirect infringement allegations are sufficient to put BroadSoft on notice of the claims against it and should be upheld. EON's allegations of both inducing and contributory infringement provide the same level of detail as required for direct infringement allegations and thus meet the *Twombly* standard applied by this Court in *Fotomedia*. Contrary to BroadSoft's argument, EON also identifies the underlying direct infringers and alleges the requisite knowledge and intent for both inducement and contributory infringement. Accordingly, EON satisfies even a heightened pleading standard for indirect infringement.

In *Fotomedia*, this Court emphasized that neither Form 18 nor the Federal Circuit require the pleadings of each individual element of a claim for indirect infringement. *Fotomedia Techs. LLC v. AOL LLC*, No. 2:07-cv-255, 2008 WL 4135906, at *2 (E.D. Tex. Aug. 29, 2008) report and recommendation adopted sub nom. *Fotomedia Techs., LLC v. AOL, LLC*, 2:07-cv-255, 2008 WL 4372348 (E.D. Tex. Sept. 24, 2008). Following *Twombly*, this Court found the following indirect infringement allegation sufficient:

> [defendants] "have been and are now . . . indirectly infringing by way of inducing infringement and/or contributing to the infringement of, the [patent-in-suit] . . . by, among other things, making, using, selling, offering for sale, or importing photosharing web site services alone or in combination with personal computers,

---

within the scope of at least one claim of the '491 Patent" and will identify where in those specific products each and every element of the asserted claims may be found, per the Court's rules governing disclosure of infringement contentions.

> as well as related services covered by one or more claims of the [patent-in-suit], all to the injury of [plaintiff]."

*Fotomedia*, 2008 WL 4372348, at *2.

EON's indirect infringement allegations certainly meet this standard. As described above for EON's direct infringement claim, the Amended Complaint satisfies the five required elements of Form 18. In addition, EON's Amended Complaint states that "BroadSoft has been and is presently infringing at least one claim of the '491 Patent . . . directly or indirectly by knowingly and specifically intending to contribute to or induce infringement by others, alone or through its relationships with network component manufacturers, wireless network operators, wireless customers and/or end-users." (Doc. No. 64 at ¶ 31). Thus, under the standard applied in *Fotomedia*, EON's indirect infringement allegations are more than adequate.

### 1. EON's Indirect Infringement Allegations Satisfy Even a Heightened Pleading Standard.

EON's indirect infringement allegations are sufficient even under those decisions from this Court applying a more stringent pleading threshold than *Fotomedia*. EON both identifies the third party direct infringement underlying its indirect infringement claims and alleges the requisite knowledge and intent for both inducing and contributory infringement. EON thus states a claim for indirect infringement that is plausible on its face.

Several recent decisions of this Court have required plaintiffs to at least generically identify the alleged direct infringers in connection with an indirect infringement claim. *Eolas Techs. v. Adobe Sys., Inc.*, No. 6:09-cv-446, 2010 WL 2026627, at *7-8 (E.D. Tex. May 6, 2010) (requiring plaintiff to allege a direct infringer in relation to its indirect infringement claims); *Celltrace, LLC v. MetroPCS Commc'ns, Inc.*, No. 6:09-cv-371, slip op. (E.D. Tex. Mar. 29, 2010) (order denying motion to dismiss) (holding plaintiff's indirect infringement allegations adequate where plaintiff identified the accused instrumentalities and identified the alleged direct

infringers as defendants' customers); *PA Advisors, LLC v. Google, Inc.*, No. 2:07-cv-480 (DF), 2008 WL 4136426, at *8 (E.D. Tex. Aug. 8, 2008) (granting motion for a more definite statement requiring plaintiff to generically identify the end user).   Other decisions have implemented a more subjective standard, whereby the indirect infringement allegations "taken as a whole . . . must state a claim for relief that is plausible on its face." *Realtime Data, LLC v. Stanley,* 721 F. Supp. 2d 538, 544 (E.D. Tex. 2010); *Clear with Computers v. Bergdorf Goodman*, No. 6:09-cv-481, 2008 WL 3155888, at *4 (E.D. Tex. Mar. 29, 2010).

First, contrary to BroadSoft's argument that EON fails to identify any third party direct infringers, (Doc. No. 94 at 11), EON alleges at least one type of direct infringer other than BroadSoft in every instance where the Amended Complaint alleges indirect infringement.   (Doc. No. 64 at ¶¶ 31, 55).   EON identifies the direct infringers in its general allegation against BroadSoft as "network component manufacturers, wireless network operators, wireless customers and/or end-users."   (Doc. No. 64 at ¶ 31).   In addition, EON specifically alleges indirect infringement against all defendants in paragraph 55 and again identifies the underlying direct infringers as the "wireless operators, wireless customers, and end users."   (Doc. No. 64 at ¶ 55).[6]   Thus, at a bare minimum, the "end user" identified in EON's Amended Complaint directly infringes by putting the entire infringing system (*i.e.*, the subscriber unit switching communication paths) into service.   *See* '491 Patent [6:16-64]; *Centillion Data Sys. v. Qwest Commc'ns Int'l*, Nos. 2010-1110, 2010-1131, 2011 WL 167036, at *5 (Fed. Cir. Jan. 20, 2011)

---

[6]   The fact that EON also lists "the entities listed in paragraphs 29-51" of the Complaint, (Doc. No. 64 at ¶ 55), does not warrant BroadSoft's strained reading of the Complaint. (Doc. No. 94 at p. 11) (construing the Complaint to read that "each Defendant's alleged direct infringement constitutes the predicate direct infringement for each Defendant's alleged induced infringement").   EON does not allege that the Defendants contribute to or induce their own infringement, but rather that the Defendants induce or contribute to each other's direct infringement.

(holding that any action that "puts the system as a whole into service, i.e., controls the system and obtains benefit from it" is a "use" under 35 U.S.C. § 271(a)).

Second, unlike the indirect infringement allegations found lacking in both *Realtime* and *Clear with Computers*, EON's indirect infringement allegations, on the whole, state a plausible claim for relief.  In *Realtime*, the Court not only found the plaintiff's infringement description too vague, but the plaintiff failed to identify the third party committing the underlying act of infringement.  *Realtime*, 721 F. Supp. 2d at 543-44.  Similarly, in *Clear with Computers,* this Court found that, "[t]aken as whole, [plaintiff's] indirect infringement allegations-which fail to identify which claims are indirectly infringed, fail to identify which methods or systems indirectly infringe, and fail to identify a direct infringer in reference to its indirect infringement claims" did not state a plausible claim for relief.  *Clear with Computers*, 2008 WL 3155888, at *4.

By contrast, and as described above, EON sufficiently identified both the accused products and the underlying direct infringers in relation to its indirect infringement claim.  EON further alleges both the requisite knowledge and intent for inducement and contributory infringement.  EON's Complaint alleges:

> "Defendants have acted in the manners described in the above paragraphs with knowledge of the '491 Patent, knowledge that their respective product or component directly infringes and/or would be used in a method, system or apparatus that infringes the '491 Patent, knowledge that their respective product or component is especially made or adapted for use in a method, system or apparatus that infringes the '491 Patent and is not a staple article or commodity suitable for substantial noninfringing use, and knowledge that their product or component would constitute a material part of a method, system or apparatus . . . that infringes the '491 Patent. Defendants acted in the manners described above knowing and intending that their acts would induce infringement by others."

(Doc. No. 64 at ¶ 54).

Accordingly, even under a heightened pleading standard, when EON's indirect infringement allegations are taken as a whole they state a plausible claim for relief and should survive this motion.

**2.      EON is Not Required to Specifically Allege Each Element of Indirect Infringement**

BroadSoft's suggestion that EON is required to allege specific facts demonstrating "pre-suit knowledge of the '491 Patent" in order to state a claim for indirect infringement is contrary to the law of this Court.  (Doc. No. 94 at 10-11).  Similarly, BroadSoft presents no relevant authority for the claim that EON must identify the "specific allegedly infringing device of which a BroadSoft product allegedly comprises a material component" in order to state a plausible claim for contributory infringement.  (Doc. No. 94 at 12).  To the contrary, the Federal Circuit has never required such a showing.  And even those cases from this Court employing a heightened standard for pleading indirect infringement specifically reject the argument that plaintiffs must plead each element of indirect infringement.

In *Celltrace*, this Court upheld the plaintiff's indirect infringement claim because the plaintiff identified the accused instrumentalities and the alleged direct infringers.  This Court went on to clarify that "[plaintiff's] claims are plausible without further factual specificity and further facts are not required.  Rule 8 does not require detailed factual support for each element of indirect infringement."  *Celltrace, LLC v. MetroPCS Commc'ns, Inc.*, No. 6:09-cv-371, slip op. at 5 (E.D. Tex. Mar. 29, 2010) (order denying motion to dismiss).  In *PA Advisors*, the plaintiff failed to even generically identify the end user directly infringing in relation to its indirect infringement claim and the Court granted a motion for a more definite statement to correct this deficiency.  *PA Advisors, LLC v. Google, Inc.*, No. 2:07-cv-480 (DF), 2008 WL 4136426, at *8 (E.D. Tex. Aug. 8, 2008).  Beyond that, however, this Court emphasized that

"[a]s to the 'material elements,' the Court finds that no cases have required any further details for inducement of infringement or contributory infringement other than the identification of users that directly infringement." *Id.*; *see also Eolas Techs. v. Adobe Sys., Inc.*, No. 6:09-cv-446, 2010 WL 2026627, at *7-8 (E.D. Tex. May 6, 2010) (requiring plaintiff to allege a direct infringer in relation to its indirect infringement claims but explaining "Rule 8 does not require detailed factual support for each element of indirect infringement").

The cases BroadSoft relies upon to support its argument for particularized pleading of each element of indirect infringement are either only relevant to the standard of proof for indirect infringement,[7] or are both not controlling and contrary to the approach followed in this Court, as described above.[8]   Thus, BroadSoft's insistence on particularized pleading of each element of indirect infringement is misguided.   Indeed, under any of the pleading standards applied to indirect infringement claims in this Court, EON's allegations are sufficient to state a plausible claim for relief and should be upheld.

## C.   <u>EON Adequately Pleaded Willful Infringement of the '491 Patent</u>

EON's willful infringement allegations provide sufficient detail for this stage of litigation and should be upheld.   Neither the Federal Circuit nor Federal Rule of Civil Procedure Form 18 requires pleading each individual element of a claim for willful infringement.   *Fotomedia Techs.*

---

[7]   BroadSoft relies on a number of cases, which are inapposite to the pleading issue here and simply attest to the level of *proof* required to establish indirect infringement.   (Doc. No. 94 at 10-12) (citing *Hewlett-Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464, 1468-69 (Fed. Cir. 1990) (reviewing final judgment of no inducing infringement); *Vita-Mix Corp. v. Basic Holding Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009) (reviewing summary judgment finding of inducing infringement); *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964) (discussing the level of knowledge required to prove contributory infringement)).

[8]   To the extent BroadSoft relies on cases that describe a heightened pleading standard for indirect infringement, these cases are not controlling and are contrary to the approach in this Court.   (Doc. No. 94 at 10-12) (citing *Mallinckrodt Inc. v. E-Z-Em Inc.*, 670 F. Supp. 2d 349, 354 (D. Del. 2009); *Hewlett-Packard Co. v. Intergraph Corp.*, No. C03-2517-MJJ, 2003 WL 23884794, at *2 (N.D. Cal. Sept. 6, 2003); *Xpoint Techs., Inc. v. Microsoft Corp.*, Civ. No. 09-628-SLR, 2010 WL 3187025, at *6 (D. Del. Aug. 12, 2010)).

*LLC v. AOL LLC*, No. 2:07-cv-255, 2008 WL 4135906, at *2 (E.D. Tex. Aug. 29, 2008) *report and recommendation adopted sub nom. Fotomedia Techs., LLC v. AOL, LLC*, 2:07-cv-255, 2008 WL 4372348 (E.D. Tex. Sept. 24, 2008) (holding that neither indirect or willful infringement allegations require the pleading of each element of the claim).  Providing a level of detail similar to that required in Form 18 for direct infringement is sufficient.  *Id.*

Other courts have explicitly followed the approach taken by this Court in *Fotomedia*.  *See S.O.I.TEC Silicon On Insulator Techs., S.A. v. MEMC Elec. Materials, Inc.*, CIV. 08-292-SLR, 2009 WL 423989, at *2 (D. Del. Feb. 20, 2009) (following *Fotomedia* and declining "to require more detail with respect to plaintiffs' willful infringement claims than is required by Form 18"); *Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 358 (D. Del. 2010) (same).  Indeed, "[w]illfulness does not equate to fraud, and thus, the pleading requirement for willful infringement does not rise to the stringent standard required by Rule 9(b)."  *Ferguson Beauregard/Logic Controls, Div. of Dover Res., Inc. v. Mega Sys., LLC*, 350 F.3d 1327, 1343 (Fed. Cir. 2003).  BroadSoft's reliance on *In re Seagate Technology, LLC* is misplaced.  497 F.3d 1360 (Fed. Cir. 2007).  In *Seagate*, the Federal Circuit defined the elements required to *prove* willful infringement and made no comment as to what allegations must be made in the plaintiff's complaint.  *Id.* at 1371.

Under the standard applied in *Fotomedia*, EON's willfulness allegations are adequate.  The plaintiff's complaint in *Fotomedia* alleged that "[defendants'] acts of infringement of the [patent-in-suit] have been willful, deliberate, and in reckless disregard of Fotomedia's patent rights."  Amended Compl., *Fotomedia Techs. v. AOL, LLC*, 2:07-cv-255-TJW (Nov. 6, 2007) Doc. No. 64, ¶ 22.  EON's allegation of willful infringement states:  "Upon information and belief, said infringement has been or will be deliberate and willful."  (Doc. No. 64 at ¶ 56).

16

EON's willfulness allegation thus directly mirrors the allegation in *Fotomedia* and should similarly be upheld.

### D.     EON Should Not Be Required to Provide a More Definite Statement

EON's Complaint meets the requirements of Rule 8 and sufficiently places BroadSoft on notice of the infringement claims against it.  BroadSoft's non-infringement arguments show its request for a more definite statement is unwarranted.

Where a complaint clearly satisfies the *Twombly* standard, this Court has declined requests for a more definite statement under Rule 12(e).  *See, e.g.*, *Teirstein v. AGA Med. Corp.*, No. 6:08-cv-14, 2009 WL 704138, at *6 (E.D. Tex. Mar. 16, 2009) (denying motion for a more definite statement where the counterclaim satisfied the requirements of Rule 8 and *Twombly* and was "not so vague or ambiguous that [the plaintiff] could not reasonably prepare a response"); *Fotomedia*, 2008 WL 4135906, at *2-3 (denying motion for a more definite statement after finding that the infringement allegations were sufficient under Rule 8).

Indeed, "[a] Rule 12(e) motion attacks the unintelligibility of the complaint, not simply the mere lack of detail, and therefore, a court will deny the motion where the complaint is specific enough to apprise the defendant of the substance of the claim being asserted."  *PA Advisors, LLC v. Google, Inc.*, No. 2:07-cv-480 (DF), 2008 WL 4136426, *7 (E.D. Tex. Aug. 8, 2008) (internal quotation omitted).  Thus, where the detail or information sought is obtainable through discovery, a motion for a more definite statement should be denied.  *Id.*  Similarly, as this Court explained in *Fotomedia*, any additional clarification sought as to the infringement allegations is properly handled by "the disclosures mandated by the Local Patent Rules and discovery conducted under the Federal Rules of Civil Procedure" and not through motions such as these.  *Fotomedia*, 2008 WL 4135906, at *2.  Despite these guidelines, BroadSoft essentially

repeats its earlier arguments and demands a more definite statement with an unnecessary level of detail in EON's infringement allegations.

First, BroadSoft reiterates its contention that EON is required to identify specifically the infringing products. (Doc. No. 94 at 14-15). But, as discussed more fully above, this exact argument was rejected in *Realtime*. This Court emphasized that it has never "required a specific identification of accused products." *Realtime Data, LLC v. Stanley*, 721 F. Supp. 2d 538, 539 (E.D. Tex. 2010). Rather, "[t]he Court examines the description of the accused systems or devices in context to determine whether the description is sufficient, but has not required that individual products be identified." *Id.* In any event, EON has identified specific infringing BroadSoft products.

Much like the complaint upheld in *Tune Hunter*, EON's identification of BroadSoft's accused products is sufficiently descriptive, particularly in light of the technology at issue. *See Tune Hunter, Inc. v. Samsung Telecomms. Am., LLC*, No. 2:09-cv-148-TJW, 2010 WL 1409245, at *4 (E.D. Tex. Apr. 1, 2010) (upholding the infringement description accusing "music identification systems, devices, products, and/or components thereof that embody . . . the [patent-in-suit]" as adequately specific). Not only does EON accuse BroadSoft's "dual-mode related network components, associated services, data systems, or related software solutions," but EON goes further and specifically identifies two accused software products: "BroadWorks and Mobility Manager." (Doc. No. 64 at ¶ 31). In light of EON's description of the patented invention ("e.g., dual-mode communication networks comprising subscriber units, base stations, and/or network hub switching centers, and modems that facilitate switching between communication paths in accordance with one or more claims of the '491 Patent"), *id.*, its identification of the accused products is sufficient to meet the *Twombly* standard.

The only cases cited by BroadSoft in support of its motion are not controlling and, more importantly, are based on strikingly distinct facts.  BroadSoft cites three cases granting a motion for a more definite statement, but in each case the plaintiffs neglected to provide any description of the accused products whatsoever.   Instead, the complaints at issue baldly alleged that defendant's "products" or "products and services" infringed.   *See Agilent Techs., Inc. v. Micromuse, Inc.*, 04 CIV. 3090 (RWS), 2004 WL 2346152, at *5-6 (S.D.N.Y. Oct. 19, 2004) (granting motion for a more definite statement where the complaint provided only that the defendant "makes, sells, or offers <u>products</u> for sale in this district that infringe [plaintiff's] patents") (emphasis added); *Bay Indus., Inc. v. Tru-Arx Mfg., LLC*, 06-C-1010, 2006 WL 3469599, at *1-2 (E.D. Wis. Nov. 29, 2006) (granting Rule 12(e) motion where plaintiff only alleged that "[c]ertain of [defendant's] <u>products</u> are at issue in this case") (emphasis added); *eSoft, Inc. v. Astaro Corp.*, No. 06-cv-00441-REB-MEH, 2006 WL 2164454 (D. Col Jul. 31, 2006) (granting motion for a more definite statement where plaintiff alleged only that defendant's "<u>products and services</u>" infringed) (emphasis added).  By contrast, here, EON has not only provided a sufficient general description of the infringing products, but has gone further and accused two specific software products.

In addition, BroadSoft demands that EON provide specific allegations for each element of its indirect infringement claims:  "a separate identification of the specific BroadSoft products or services it accuses of indirect infringement," "a specific identification of the allegedly infringing third party products that purportedly incorporate BroadSoft products or services, which form the basis of EON's indirect infringement claims," as well as "specific factual allegations that support EON's contention that BroadSoft had pre-suit knowledge or notice of the patent-in-suit."  (Doc. No. 94 at 15).  Yet, as discussed in detail above, neither the Federal

Circuit nor any decision of this Court has required such detail from plaintiffs at the pleading stage.

In *Fotomedia*, this Court made clear that neither Form 18 nor the Federal Circuit requires plaintiffs to plead each individual element of a claim for indirect infringement. *Fotomedia*, 2008 WL 4135906, at *2. Even in decisions requiring a heightened pleading of indirect infringement, this Court emphasized that "Rule 8 does not require detailed factual support for each element of indirect infringement." *Celltrace, LLC v. MetroPCS Commc'ns, Inc.*, No. 6:09-cv-371, slip op. at 5 (E.D. Tex. Mar. 29, 2010) (order denying motion to dismiss); *see also PA Advisors, LLC v. Google, Inc.*, No. 2:07-cv-480 (DF), 2008 WL 4136426, *8 (E.D. Tex. Aug. 8, 2008) (holding that plaintiffs must alleged direct infringers in relation to indirect infringement claims, but need not plead any of the "material elements" of inducing or contributory infringement). Thus, BroadSoft's demands are simply contrary to law.

Because EON's Complaint already satisfies Rule 8, BroadSoft's motion for a more definite statement fails. The additional information BroadSoft seeks is more appropriately managed through discovery and locally mandated disclosures.

## VII.    CONCLUSION

For the reasons stated herein, EON respectfully requests that the Court deny BroadSoft's Motion.

Dated:  February 17, 2011                    Respectfully submitted,

                                             */s/ Cabrach J. Connor*
                                             Daniel R. Scardino
                                             Texas State Bar No. 24033165
                                             Jeffery R. Johnson
                                             Texas State Bar No. 24048572
                                             Cabrach J. Connor
                                             Texas State Bar No. 24036390
                                             REED & SCARDINO LLP
                                             301 Congress Avenue, Suite 1250

Austin, TX  78701
Tel. (512) 474-2449
Fax (512) 474-2622
dscardino@reedscardino.com
jjohnson@reedscardino.com
cconnor@reedscardino.com

**ATTORNEYS FOR PLAINTIFF
EON CORP. IP HOLDINGS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2011, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic case files system of the court. The electronic case files system sent a "Notice of Electronic Filing" to individuals who have consented in writing to accept this Notice as service of this document by electronic means, all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by first class mail today, February 17, 2011.

/s/ *Cabrach J. Connor*
Cabrach J. Connor