IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| EON CORP. IP HOLDINGS, LLC, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 2:10-cv-00448-TJW |
| | § | |
| v. | § | |
| | § | |
| SENSUS, USA, INC.; ARUBA | § | |
| NETWORKS, INC.; BROADSOFT, | § | |
| INC.; CLAVISTER AB; IP.ACCESS, | § | |
| INC.; JUNI AMERICA, INC.; CISCO | § | |
| SYSTEMS, INC.; MAVENIR | § | |
| SYSTEMS, INC.; MERU NETWORKS, | § | |
| INC.; SERCOMM CORPORATION; | § | |
| SONUS NETWORKS, INC.; SPRINT | § | |
| SPECTRUM, L.P.; ADVANCED | § | |
| METERING DATA SYSTEMS, LLC; | § | |
| STOKE, INC.; TATARA SYSTEMS, | § | |
| INC.; HTC AMERICA, INC.; PALM, | § | |
| INC.; UNITED STATES CELLULAR | § | |
| CORPORATION; CELLULAR SOUTH, | § | |
| INC.; NTELOS, INC.; MOTOROLA | § | |
| MOBILITY HOLDINGS, INC.; | § | |
| MOTOROLA SOLUTIONS, INC.; | § | |
| KINETO WIRELESS, INC.; and | § | |
| AIRVANA, INC., | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

**REPLY IN SUPPORT OF BROADSOFT, INC.'S RULE 12(b)(6) MOTION TO
DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

I.    **INTRODUCTION**

EON's response brief fails to demonstrate that EON's Amended Complaint satisfies the pleading standards under Federal Rule of Civil Procedure 8(a), as clarified in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).  Tellingly, EON is unable to identify any specific BroadSoft products that could possibly directly infringe any of the claims of the asserted patent.  Furthermore, EON's brief makes clear that its allegations of indirect and willful infringement are nothing more than a mere parroting of the legal elements of each infringement theory without any supporting facts.  Accordingly, the Court should dismiss EON's direct, indirect, and willful infringement claims.

II.   **EON HAS NOT PLED A FACIALLY PLAUSIBLE DIRECT INFRINGEMENT CLAIM**

EON argues in its Response that its generic identification of "dual-mode related network components, associated services, data systems, or related software solutions" is sufficient to state a claim for direct infringement.  Resp. at 5-7.  But those generic allegations fail to state a facially plausible claim as required under *Twombly/Iqbal*.

As an initial matter, EON's contention that it need not specifically identify the BroadSoft products it accuses of infringement is meritless.  Resp. at 6.  This Court has repeatedly required patent infringement plaintiffs to identify specifically the products they accuse of infringement in their complaint.  *See, e.g.*, *Landmark Tech. LLC. v. Aeropostale*, No. 6:09-CV-262, 2010 WL 5174954, at *3-4 (E.D. Tex. Mar. 29, 2010) (finding generic identification of "electronic commerce systems" insufficient); *Realtime Data, LLC v. Morgan Stanley*, 721 F. Supp. 2d 538,

539-40 (E.D. Tex. 2010).[1]  In *Realtime Data*, the Court explained that "direct infringement claims require a plaintiff to specifically identify any accused products, services, methods, or other infringing acts." *Id.* at 543.  The Court held that the plaintiff's generic identification of accused products—"data compression products and/or services"—"does not state a claim for relief that is plausible on its face." *Id.*  The Court should likewise reject EON's generic identification here.

Although the Court has explained that in certain situations the "context" of the allegations can suffice to provide a sufficient description when the accused products are not specifically identified, *id.* at 539, this is not such a situation.  The patent-in-suit is entitled "Wireless Modem," and EON alleges that it covers "dual-mode communication networks comprising subscriber units, base stations, and/or network hub switching centers, and modems that facilitate switching between communication paths." Am. Compl. ¶ 31.  Significantly, EON's allegations against most of the other Defendants specifically identify the accused network and/or particular products that correspond to the hardware elements of EON's description of the invention:  (1) networks (e.g., "Sensus's FlexNet networks"); (2) base stations (e.g., "FlexNet Tower Gateway Base Stations"); (3) modems (e.g., Juni "model JFW-500 and xDSL modems"); and (4) subscriber units (e.g., "model Palm Pre, Palm Pre 2, Palm TX"). *See, e.g., id.* ¶¶ 29, 34, 45.  And, EON specifically identified particular networks operated by Defendants. *Id.* ¶¶ 46 ("US Cellular operates a communication network"), 47.  By contrast, EON identifies neither a dual-mode communication network operated by BroadSoft nor a single BroadSoft subscriber

---

[1] *See also i2 Techs., Inc. v. Oracle Corp.*, No. 6:09-cv-194, slip op. at 4 (E.D. Tex. Mar. 29, 2010); *Joao Bock Transaction Sys. of Texas, LLC v. AT & T, Inc.*, No. 6:09-cv-208, 2010 WL 5343173, at *3 (E.D. Tex. Mar. 29, 2010); *Bedrock Computer Techs., LLC v. Softlayer Techs., Inc.*, No. 6:09-cv-269, slip op. at 5 (E.D. Tex. Mar. 29, 2010)

unit, base station, switching center, or modem, and for good reason— BroadSoft does not operate any such network or import, manufacture, or sell any of these hardware components. Significantly, BroadSoft made these facts clear to EON prior to the filing of the Amended Complaint, and despite its apparently thorough research of BroadSoft's website (Resp. at 2-3), EON is apparently unable to show otherwise. Therefore, in the context of EON's description of its invention and EON's specific identification of networks and hardware components provided by other Defendants, EON's failure to identify any specific accused BroadSoft network or hardware components is plainly insufficient to state a plausible claim for relief.

Contrary to its arguments (*id.* at 6), Form 18 does not excuse EON's failure to identify specific accused products. Indeed, this Court has ruled on several occasions that the generic identification of a category of accused products does not satisfy Form 18. *See, e.g.*, *Landmark*, 2010 WL 5174954, at *3-4; *Realtime Data*, 721 F. Supp. 2d at 539-40. The exemplary pleading of Form 18 alleges that the patent-in-suit was "issued to the plaintiff for an invention in an ***electric motor***" and identifies "electric motors" as the allegedly infringing product. Fed. R. Civ. P. Form 18[2]. Here, by contrast, EON's allegations do not provide such specificity or congruity. EON alleges that its patent covers "dual-mode communication networks comprising subscriber units, base stations, and/or network hub switching centers, and modems that facilitate switching between communication paths" but vaguely accuses "dual-mode related network components, associated services, data systems, or related software solutions" of infringement. Am. Compl. ¶ 31. The term "dual-mode network components" is extremely broad, virtually encompassing any aspect of a communication network. Especially where, as here, BroadSoft does not provide "subscriber units," "base stations," "network hub switching centers," or "modems," the generic

identification of "dual-mode related network components" provides absolutely no notice of what EON actually accuses.  Furthermore, EON's generic identification of "associated services, data systems, or related software solutions" cannot be squared with EON's description of its invention, which makes no mention of these product categories.  *See Bender v. LG Elecs. U.S.A., Inc.*, No. C-09-02114-JF, 2010 WL 889541, at *6 (N.D. Cal. Mar. 11, 2010) (holding that allegations under Rule 8 must include "at a minimum … an allegation that certain named and specifically identified products or product components also ***do what the patent does***, thereby raising a plausible claim that the named products are infringing").  EON's direct infringement allegations find no support in Form 18.

EON's reliance on *McZeal* and *Tune Hunter* is unavailing.  Unlike here, the plaintiff in *McZeal* specifically identified the accused product—"Motorola i930 'INTERNATIONAL WALKIE TALKIE'."  *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007).  In *Tune Hunter*, the court found the identification of "music identification systems, devices, products, and/or components thereof" to be sufficient "in light of the technology at issue," which included "music identification and purchasing systems."  *Tune Hunter, Inc. v. Samsung Telecomms. Am., LLC*, No. 2:09-cv-148-TJW, 2010 WL 1409245, at *1-2, *4 (E.D. Tex. Apr. 1, 2010).  Thus, similar to Form 18, Tune Hunter's identification of the accused system closely matched the description of the invention unlike the incongruity in EON's allegations here.

EON argues that its direct infringement allegations are sufficient because Eon "specifically identifie[d]" BroadSoft's "'BroadWorks and Mobility Manager' [software] products."  Resp. at 7.  But BroadSoft explained in its opening brief that EON "does not accuse those software products of direct infringement" and explained that such an accusation would be

---

[2] Emphasis has been added unless otherwise indicated.

facially implausible "in view of EON's own description of the scope of the '491 patent" as covering a "dual-mode communication network" comprised of various hardware components. Mot. at 9.  EON mischaracterizes these arguments as "claim construction or non-infringement theories [that] are not relevant to the pleading threshold at issue here."  Resp. at 8.  BroadSoft has not advanced any claim construction or noninfringement theory.  Rather, BroadSoft has simply relied upon the plain language of the claims and EON's own description of its invention in the Amended Complaint as the context to evaluate the facial plausibility of EON's allegations. *See* Mot. at 9.  Indeed, it is completely appropriate to evaluate the facial plausibility of patent infringement claims based upon the plain language of the claims.  *See, e.g.*, *Tune Hunter*, 2010 WL 1409245, at *5 (evaluating plain language of claim on motion to dismiss).

In the context of EON's own description of its invention, EON's direct infringement allegations against BroadSoft's software products are not facially plausible.  Regarding the system claims of the '491 patent, EON cannot and does not allege that the "software solutions" themselves constitute "dual-mode communication networks comprising subscriber units, base stations, and/or network hub switching centers, and modems that facilitate switching between communication paths"—it merely alleges that they "facilitate" such a network.  Am. Compl. ¶ 31.  In addition, unlike its allegations against other Defendants (*id.* ¶¶ 46-47), EON does not allege that BroadSoft actually operates a communication network, which would be required to practice the method claims of the '491 patent.  Significantly, EON does not squarely dispute that the referenced "software solutions" cannot directly infringe, but rather claims that BroadSoft could still be liable for direct infringement based upon an unexplained theory of joint infringement.  Resp. at 9.  However, EON did not allege that BroadSoft jointly infringes in the

Amended Complaint, and cannot rely on such a theory now to save its facially implausible direct infringement allegations.[3]

In short, the Court should dismiss EON's direct infringement allegations because they fail to identify specific accused infringing products or state a plausible claim for relief.

## III.   EON HAS NOT PLED A FACIALLY PLAUSIBLE INDIRECT INFRINGEMENT CLAIM

EON has insufficiently pled that BroadSoft indirectly infringes the patent-in-suit.  EON's allegation of indirect infringement boils down to the conclusory assertion that "BroadSoft has been and is presently infringing … indirectly by knowingly and specifically intending to contribute to or induce infringement by others, alone or through its relationships with network component manufacturers, wireless network operators, wireless customers and/or end-users." Am. Compl. ¶ 31.  This bald assertion does not state a viable claim for induced or contributory patent infringement.[4]

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Here, EON has alleged no supporting facts beyond its formulaic recitation of the elements of indirect infringement.  For example, EON fails to allege any facts to support its conclusory assertion that EON "knowingly and specifically intend[ed] to contribute to or induce infringement by others."  The Federal Circuit has held that establishing the requisite intent for a claim of induced infringement "requires evidence of culpable conduct,

---

[3] EON's reliance on *Centillion* and *Actus*, which both involved motions to dismiss joint infringement theories, is misplaced.  Resp. at 8-9.

[4] As an initial matter, EON's reliance on Form 18 is unavailing because "Form 18 does not expressly address indirect infringement claims . . . ."  *Realtime Data*, 721 F. Supp. 2d at 544.  "In the absence of any other form that addresses indirect infringement and is made binding on the courts through Rule 84, the Court must apply the

directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities." *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (*en banc* in Section III.B) (citation omitted).  EON does not allege, nor could it, that BroadSoft had knowledge of the patent-in-suit prior to the filing of the Complaint in this action, let alone that BroadSoft undertook acts with the specific intent to induce another's infringement of the patent.  *See Bender v. Motorola, Inc.*, No. C09-12455 SBA, 2010 WL 726739, at *4 (N.D. Cal. Feb. 26, 2010) ("This conclusory, fact-barren allegation fails to state a claim for inducement to infringe").  Because EON has failed to allege facts to support an assertion that BroadSoft possessed the requisite intent to be liable for induced infringement, its claim should be dismissed.  *See Iqbal*, 129 S. Ct. at 1950 (only when considering "well-pleaded factual allegations" should a court "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief").

EON's claim for contributory infringement fares no better.  EON fails to allege that BroadSoft had any knowledge of the patent-in-suit and further fails to identify the predicate direct infringement, merely alleging that BroadSoft has "contribute[d] to or induce[d] infringement by ***others***" without identifying the third parties that allegedly directly infringe the patent.  Am. Compl. ¶ 31.

The Court has made clear that to state a proper claim for contributory infringement, parties must "identify which other party committed the underlying act of infringement," explaining that the failure to do so prevents defendants from understanding "how they must defend against charges of indirect infringement."  *Realtime Data*, 721 F. Supp. 2d at 544.  Here,

---

teachings of *Twombly* and *Iqbal*."  *Elan Microelectronics Corp. v. Apple, Inc.*, No. C 09-01531 RS, 2009 WL 2972374, at *2 (N.D. Cal. Sept. 14, 2009).

EON's failure to identify the predicate direct infringers is fatal to EON's contributory infringement claim. *See, e.g.*, *id.* at 539 (dismissing contributory infringement claim for failure to identify specifically predicate direct infringer); *Landmark*, 2010 WL 5174954, at *3-4 (same).

EON incorrectly contends that its generic identification of predicate direct infringers as "network component manufacturers, wireless network operators, wireless customers and/or end-users" is sufficient. Resp. at 11-12. As an initial matter, EON does not actually allege that those unidentified entities directly infringe the patent-in-suit, but rather that "others" directly infringe. Am. Compl. ¶ 31 (BroadSoft "contribute[s] to … infringement by ***others, alone or through its relationships*** with network component manufacturers …"). Even assuming, *arguendo*, that EON's allegations do accuse "network component manufacturers, wireless network operators, wireless customers … or end-users" of direct infringement, EON fails to identify any particular third parties that directly infringe the patent-in-suit. EON's invocation of "end users"—which EON characterizes as "putting the entire infringing system … into service" (Resp. at 12)—is insufficient to identify the predicate direct infringers because it provides BroadSoft absolutely no indication as to what type of technology company or class of individuals would constitute an "end user." Similarly, EON's indiscriminate identification of "wireless network operators" and "wireless customers" sweeps in virtually every wireless telecommunication company or wireless telephone user in the United States regardless of any connection to BroadSoft.[5] Such overly broad and vague allegations are a clear sign that EON is unable to identify any particular predicate direct infringer, and intends to engage in a fishing expedition in an attempt to find one. The Court has dismissed similarly vague indirect

---

[5] There are 292.8 million wireless subscriber connections in the United States as of June 2010. CTIA-The Wireless Association®, http://www.ctia.org/media/industry_info/index.cfm/AID/10323 (last visited Feb. 28, 2011).

infringement allegations where the plaintiff merely identified defendants' "customers" as predicate direct infringers. *Landmark*, 2010 WL 5174954, at *3.

Finally, EON argues that "[it] is not required to specifically allege each element of indirect infringement." Resp. at 14. However, that argument directly contradicts *Twombly* and this District's precedent. In *Twombly*, the Supreme Court found that plaintiffs failed to allege sufficient facts to establish each required element of a claim under Section 1 of the Sherman Act. 550 U.S. at 556-57. As explained above, the Court has required plaintiffs to identify predicate direct infringement for indirect infringement claims. In short, the Court should dismiss EON's claims of indirect infringement because EON has failed to state claims upon which relief may be granted.

## IV.   EON HAS NOT PLED A FACIALLY PLAUSIBLE CLAIM FOR WILLFUL INFRINGEMENT

In support of its claim for willful infringement, EON merely alleges that "[u]pon information and belief, said infringement has been or will be deliberate and willful." Am. Compl. ¶ 56. That conclusory and formulaic assertion is bereft of any factual support and should be dismissed under *Twombly/Iqbal*.

EON's arguments regarding the sufficiency of that allegation are meritless. First, EON's reliance on Form 18 is unavailing because Form 18 does not address willful infringement. Second, EON's curious contention that BroadSoft's reliance on *In re Seagate Technology, LLC* is "misplaced" is without merit. Resp. at 16. Indeed, the Court has relied upon *Seagate* when evaluating a similar motion to dismiss a willful infringement claim. *See Realtime Data*, 721 F. Supp. 2d at 545 (citing *In re Seagate Tech. LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc)); *see also FotoMedia Techs., LLC v. AOL LLC*, No. 2:07-cv-255, 2008 WL 4135906, at *2

(E.D. Tex. Aug. 29, 2008).  In *Realtime Data*, the Court dismissed an allegation of willful infringement similar to the one here because it "lack[ed] a factual basis indicating that [the plaintiff] is entitled to relief," and "f[e]ll short of the 'good faith' evidentiary basis required by Rule 11(b)."  721 F. Supp. 2d at 545.  Therefore, the Court should similarly dismiss EON's fact-barren, willful infringement allegation.

## V.   ALTERNATIVELY, THE COURT SHOULD ORDER EON TO PROVIDE A MORE DEFINITE STATEMENT

If the Court does not dismiss EON's Complaint, it should require EON to provide a more definite statement under Rule 12(e).  EON argues that a more definite statement is not necessary because "the detail or information sought is obtainable through discovery."  Resp. at 17 However, EON's vague and generic allegations unfairly deprive BroadSoft of the information necessary for BroadSoft to analyze its potential infringement liability and conform its conduct. For example, EON's allegations provide no indication as to which of BroadSoft's customers could possibly be predicate direct infringers.  *See PA Advisors, LLC v. Google Inc.*, No. 2:07-cv-480, 2008 WL 4136426, at *8 (E.D. Tex. Aug. 8, 2008) (granting motion for more definite statement and requiring the plaintiff to identify predicate direct infringer).  Accordingly, if the Court does not dismiss the Amended Complaint, it should grant BroadSoft's alternative request for a more definite statement.

## VI.   CONCLUSION

BroadSoft respectfully requests that the Court dismiss EON's Amended Complaint, or require EON to provide a more definite statement pursuant to Rule 12(e).

Dated: February 28, 2011                    Respectfully submitted,


                                            _/s/ Jonathan G. Graves_____
                                            Jonathan G. Graves
                                            jgraves@cooley.com
                                            Justin P.D. Wilcox
                                            jwilcox@cooley.com
                                            COOLEY LLP
                                            One Freedom Square
                                            Reston Town Center
                                            11951 Freedom Drive
                                            Reston, VA 20190-5656
                                            Telephone: 703.756.8119
                                            Facsimile: 703.456.8100

                                            *ATTORNEYS FOR DEFENDANT
                                            BROADSOFT, INC.*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 28, 2011, I presented this motion to the Clerk of the

Court for filing and uploading to the Case Management/Electronic Case Filing ("CM/ECF")

system.

_/s/  Jonathan G. Graves_____
Jonathan G. Graves