**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

|  |  |  |
|---|---|---|
| EON CORP. IP HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 2:10-CV-00448-TJW |
| v. | ) | |
| | ) | |
| SENSUS, USA, INC.; ARUBA NETWORKS, | ) | Judge T. John Ward |
| INC.; BROADSOFT, INC.; CLAVISTER AB; | ) | |
| IP.ACCESS, INC.; JUNI AMERICA, INC.; | ) | |
| CISCO SYSTEMS, INC.; MAVENIR | ) | |
| SYSTEMS, INC.; MERU NETWORKS, INC.; | ) | |
| SERCOMM CORPORATION; SONUS | ) | |
| NETWORKS, INC.; SPRINT SPECTRUM, | ) | |
| L.P.; ADVANCED METERING DATA | ) | |
| SYSTEMS, LLC; STOKE, INC.; TATARA | ) | |
| SYSTEMS, INC.; HTC AMERICA, INC.; | ) | |
| PALM, INC.; UNITED STATES CELLULAR | ) | |
| CORPORATION; CELLULAR SOUTH, INC.; | ) | |
| NTELOS, INC.; MOTOROLA MOBILITY | ) | |
| HOLDINGS, INC.; MOTOROLA | ) | |
| SOLUTIONS, INC.; KINETO WIRELESS, | ) | |
| INC.; and AIRVANA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT CELLULAR SOUTH, INC.'S MOTION TO DISMISS

Defendant Cellular South, Inc., pursuant to Fed. Rule Civ. P. 12(b)(2), moves to dismiss

this action against it.[1]

Statement of the Issue: This Motion is based on the lack of personal jurisdiction over

Cellular South. Cellular South has no contracts or contacts with the Plaintiff in Texas or

---

[1] Cellular South reserves all affirmative defenses required to be pled pursuant to Fed. R. Civ. P. 12.

elsewhere. Cellular South does not, on behalf of itself or any other persons or entities, make, use, offer for sale, sell, supply or cause to be supplied any products, methods, or services to consumers in the State of Texas, including the alleged infringed upon products. Cellular South does not solicit business, does not provide services, has no offices, owns or leases no property, and has no employees or operations in Texas. Cellular South is not registered to do business and has no appointed agent for service of process in Texas. In short, because Cellular South lacks sufficient minimum contacts with Texas to subject it to personal jurisdiction in Texas, this Court must dismiss the claims against Cellular South.

This Motion is supported by the following brief and the Declaration of Joseph Brian Caraway. Counsel for Cellular South have conferred with lead counsel for Plaintiff, and despite discussions about the merit and strength of each party's position and good faith attempts to resolve the relief sought by the Motion, the relief sought is opposed by Plaintiff. A Certificate of Conference is included at the end of this Motion pursuant to L.R. CV-7(i).

## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................................................1

II.   BACKGROUND FACTS .........................................................................................2

     A.    Plaintiff EON IP Holdings ..................................................................... 2

     B.    Defendant Cellular South........................................................................ 2

III.   ARGUMENT .............................................................................................................3

     A.    Standard of Review ................................................................................. 3

     B.    Texas's Long-Arm Statute and Due Process ......................................... 4

     C.    Cellular South Does Not Have Minimum Contacts with Texas ............ 5

          1.    EON IP Holdings Cannot Establish \General Jurisdiction ......... 5

          2.    EON IP Holdings Cannot Establish \Specific Jurisdiction......... 7

     D.    Traditional Notions of Fair Play and Reasonableness Likewise Dictate the Dismissal of Cellular South ....................................................................... 8

IV.   CONCLUSION AND REQUEST FOR HEARING .................................................9

## TABLE OF AUTHORITIES

**Federal Cases**

*3D Systems, Inc. v. Aarotech Lab, Inc.*, 160 F.3d 1373 (Fed. Cir. 1998) .................................. 3, 8

*Akro Corp. v. Luker*, 45 F.3d 1541 (Fed. Cir. 1995) ......................................................... 7

*Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558 (Fed. Cir. 1994) ......................... 4

*Electric & Gas Technology, Inc. v. Universal Communications Systems*, 2003 WL 22838719 (N.D. Tex 2003)................................................................................................... 5

*Envision Gaming Technologies, Inc. v. Infinity Group, Inc.*, 2006 WL 2623929 *3 (N.D. Tex 2006) .................................................................................................... 8

*EON Corp. IP Holdings, LLC v. Skyguard, LLC et al*, 6:11-cv-00015-LED ................................ 1

*EON Corp. IP Holdings, LLC v. Skytel Corp.*, 6:08-cv-385-LED-JDL ......................................... 1

*EON Corp. IP Holdings, LLC v. T-Mobile USA, Inc.*, 6:10-cv-379-LED-JDL............................. 1

*EON Corp. IP Holdings,LLC v. Sensus Metering Systems, Inc.*, 6:09-cv-116-LED-JDL.............. 1

*Freudensprung v. Offshore Tech. Servs., Inc.*, 186 F. Supp. 2d 716 (S.D. Tex. 2002) .............. 4, 5

*Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408 (1984) .................................... 6

*International Shoe Co. v. State of Washington*, 326 U.S. 310 (1945) ........................................ 3, 8

*LSI Industries, Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369 ...................................................... 6

*Phonetel Communications, Inc. v. U.S. Robotics Corp.*, 2001 WL 36082631 (N.D. Tex 2001) .. 4, 5, 8

*Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355 (Fed. Cir. 1998).................. 3

*Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194 (Fed. Cir. 2003)...................................... 3

*Smith v. DeWalt Prods. Corp.*, 743 F.2d 277 (5th Cir. 1984).......................................................... 4

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980)................................................ 5

**Federal Rules**

Fed. R. Civ. P. 12(b) ...................................................................................................................1

Local Rule CV-7(g) ....................................................................................................................9

**Texas Statute**

Tex. Civ. Prac. & Rem. Code Ann. §17.042 ...............................................................................4

## I.   INTRODUCTION

Plaintiff EON Corp. IP Holdings, LLC ("EON IP Holdings") alleges in its Amended Complaint that numerous defendants infringe U.S. Patent No. 5,592,491 (the "'491 Patent"), which generally relates to a communication network and methods for communicating in the same. (Dkt. No. 64). The accused products generally include various networking and mobile telephone products. EON IP Holdings is a subsidiary of EON Corporation and appears to have been created to serve as a serial plaintiff in a number of patent suits arising out of the '491 patent, its parent patent and other patents assigned to EON Corporation. Although EON IP Holdings has initiated multiple suits in the <u>Tyler Division</u> of the Eastern District of Texas, Cellular South, Inc. ("Cellular South") is not a defendant in any of them.[2]

Cellular South's contacts are legally and factually insufficient for personal jurisdiction. Cellular South has no contracts or contacts with the Plaintiff in Texas or elsewhere. Cellular South does not, on behalf of itself or any other persons or entities, make, use, offer for sale, sell, supply or cause to be supplied any products, methods, or services to consumers in the State of Texas, including the alleged infringed upon products. Cellular South does not solicit business, does not provide services, has no offices, owns or leases no property, and has no employees or operations in Texas. Cellular South is not registered to do business and has no appointed agent for service of process in Texas. In sum, because Cellular South lacks sufficient minimum contacts with Texas to subject it to personal jurisdiction in Texas, this Court must dismiss the claims against Cellular South pursuant to Fed. Rule Civ. P. 12(b)(2).

---

[2] *EON Corp. IP Holdings, LLC v. Skytel Corp.*, 6:08-cv-385-LED-JDL, *EON Corp. IP Holdings,LLC v. Sensus Metering Systems, Inc.*, 6:09-cv-116-LED-JDL, *EON Corp. IP Holdings, LLC v. T-Mobile USA, Inc.*, 6:10-cv-379-LED-JDL and *EON Corp. IP Holdings, LLC v. Skyguard, LLC et al*, 6:11-cv-00015-LED.

## II.     BACKGROUND FACTS

EON IP Holdings filed its Complaint on October 22, 2010, against 16 defendants. [Dkt. No. 1]. EON IP Holdings then amended its Complaint on January 11, 2011, to include eight additional defendants for a total of 24 defendants. [Dkt. No. 64]. Only a few substantive pleadings have been filed.[3]

### A.     Plaintiff EON IP Holdings

EON IP Holdings alleges in its Amended Complaint that its principal place of business is in Tyler, Texas.  However, all evidence demonstrates that EON IP Holdings' presence in the Eastern District of Texas is for no purpose other than to manipulate venue in litigation.  There is no evidence that it actually conducts any business here, except its initiation of various patent infringement lawsuits from the place of business of its attorneys.  Certain Defendant's Joint Motion to Transfer Venue filed February 14, 2011, [Dkt No. 128], more fully demonstrates the Plaintiff's venue manipulation attempts.

### B.     Defendant Cellular South

Cellular South is a Mississippi corporation with its principal place of business in Ridgeland, Madison County, Mississippi.  Declaration of Joseph Brian Caraway, Exhibit A at ¶ 3.  Cellular South is a licensed Commercial Mobile Radio Service ("CMRS") provider, frequently referred to as a "wireless carrier." *Id.*

Cellular South does not, on behalf of itself or any other persons or entities, make, use, offer for sale, sell, supply or cause to be supplied any products, methods, or services to

---

[3] Broadsoft filed a Motion to Dismiss on January 31, 2011, Sensus filed an Answer on January 26, 2011and several Defendants filed a Joint Motion to Transfer Venue on February 14, 2011. [See Dkt. Nos. 83, 94 and 128].

consumers in the State of Texas.  *Id.* at ¶ 4.  Cellular South is not registered to do business in

Texas, is not licensed to provide wireless services to customers in Texas, and does not have an

agent for service of process in Texas.  *Id.* at ¶ 4.  Cellular South has no offices, owns or leases no

property, and has no employees in Texas.  *Id.*  Finally, Cellular South does not solicit business,

or provide services of any nature in Texas.  *Id.*


III.   **ARGUMENT**

    A.   **Standard of Review**

       The exercise of personal jurisdiction over a patent defendant is determined under federal

circuit law, rather than the regional circuit law of the forum where the case is brought.  *Silent*

*Drive, Inc. v. Strong Indus., Inc.,* 326 F.3d 1194, 1201-02 (Fed. Cir. 2003); *3D Systems, Inc. v.*

*Aarotech Lab, Inc.,* 160 F.3d 1373, 1377 (Fed. Cir. 1998).   Under the Due Process Clause,

personal jurisdiction may be exercised over a non-resident defendant only if it has sufficient

"minimum contacts with [the forum] such that the maintenance of the suit does not offend

traditional notions of fair play and substantial justice."  *International Shoe Co. v. State of*

*Washington,* 326 U.S. 310, 316 (1945); *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.,* 148

F.3d 1355, 1358 (Fed. Cir. 1998)(no personal jurisdiction found in this patent case). Thus, to

establish personal jurisdiction over this non-consenting, non-resident Defendant, EON IP

Holdings must demonstrate that personal jurisdiction over Cellular South comports with the

Texas long-arm statute and the constitutional requirements of due process (minimum contacts

and fair play and substantial justice).  *Freudensprung v. Offshore Tech. Servs., Inc.,* 186 F. Supp.

2d 716, 720 (S.D. Tex. 2002)(Texas long-arm statute and constitutional due process analysis "collapse" into one inquiry).

### B.     Texas's Long-Arm Statute and Due Process

The Texas long–arm statute has been interpreted as "co-extensive" with the limits of due process; thus collapsing the two inquires of meeting the Texas long-arm statute[4] and constitutional due process into one: does jurisdiction meet due process requirements? *Freudensprung v. Offshore Tech. Servs., Inc.*, 186 F. Supp. 2d 716, 720 (S.D. Tex. 2002); *Phonetel Communications, Inc. v. U.S. Robotics Corp.*, 2001 WL 36082631 at *1 (N.D. Tex 2001) (granting motion to dismiss in patent infringement case). In determining whether the nonresident defendant is amenable to service of process under the law of the forum state, the court must examine the forum state's long-arm statute. *Smith v. DeWalt Prods. Corp.*, 743 F.2d 277, 278 (5th Cir. 1984). Under the Texas long-arm statute, Cellular South may be subject to personal jurisdiction only if it is "determined to be 'doing business' in Texas." However, as stated above in A. Standard of Review, "[b]ecause the phrase 'doing business' has been interpreted to reach as far as the United States Constitution permits, the jurisdictional inquiry under the Texas long-arm statute collapses into a single due process inquiry." *Freudensprung*, 186 F. Supp. 2d at 720; *Phonetel Communications* 2001 WL 36082631 at *1; *Electric & Gas Technology, Inc. v. Universal Communications Systems*, 2003 WL 22838719 (N.D. Tx

---

[4]   Tex. Civ. Prac. & Rem. Code Ann. §17.042.

2003)(unpublished)(motion to dismiss for lack of personal jurisdiction granted in patent dispute). Accordingly, the Court must evaluate "minimum contacts" and "fair play and substantial justice".

### C.     Cellular South Does Not Have Minimum Contacts with Texas.

Cellular South has undertaken no actions in Texas so as to avail itself of the benefits and protections of its laws or such that it "should reasonably anticipate being haled into [a Texas court]". *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980).   Accordingly, minimum contacts, often divided into general and specific jurisdiction for analysis, does not exist as to Cellular South in Texas. *See, e.g., Electric & Gas Technology, Inc. v. Universal Communications Systems,* 2003 WL 22838719 at *3-4 (analyzes specific and general jurisdiction in granting motion to dismiss).

### 1.     EON IP Holdings Cannot Establish "General Jurisdiction."

EON IP Holdings alleges general jurisdiction against all of the Defendants. [Dkt No. 64 ¶s 2-24].   As to Cellular South, the following excerpt sets forth the general jurisdiction allegation:

20.    Defendant Cellular South is a Mississippi corporation with its corporate headquarters at 1018 Highland Colony Parkway, Suite 500, Ridgeland, Mississippi 39157.  In addition to Cellular South continuously and systematically conducting business in Texas, the causes of action against Cellular South arose from or are connected with Cellular South's purposeful acts committed in Texas, including Cellular South's making, using, importing, offering for sale, selling, or inducing the sale of infringing communication networks, dual-mode related network components, subscriber units, associated services, or data systems that fall within the scope of or constitute a material portion of at least one claim of the '491 Patent.

Dkt No. 64 ¶ 2.

General jurisdiction exists when the non-resident's contacts with the forum state are "continuous and systematic," even if the cause of action has no relation to those contacts. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-417 (1984)(in analyzing due process, Supreme Court found trip to Texas, drawing on Texas bank and purchases of products and training in Texas were insufficient for personal jurisdiction).  The plaintiff must establish a connection between the defendant and the forum state.  EON IP Holdings fails to do so.

EON IP Holdings cannot make a general jurisdiction showing against Cellular South.  As discussed above, Cellular South is a Mississippi corporation with its principal place of business in Mississippi.  Declaration of Joseph Brian Caraway at ¶ 3.  Cellular South is not registered to do business in Texas, and is not licensed to provide wireless services to customers in Texas, and has no agent for service of process in Texas.  *Id.* at ¶ 4.  Cellular South has no offices, owns or leases no property, and has no employees in Texas.  *Id.*  Cellular South does not solicit business, or provide services of any nature in Texas.  *Id.*  Specifically, as to EON IP Holdings allegations,

Cellular South does not continuously and systematically make, use, import, offer for sale, sale or induce the sale of the allegedly infringing products in Texas. *Id.* at ¶ 4.  In light of these facts, it is clear that EON IP Holdings cannot establish continuous and systematic contacts between Cellular South and the State of Texas.

### 2.   EON IP Holdings Cannot Establish "Specific Jurisdiction."

EON IP Holdings is similarly unable to meet its burden of demonstrating specific jurisdiction over Cellular South in Texas.  Specific jurisdiction over a non-resident defendant exists when the defendant has purposefully directed its activities at the forum state and "the litigation results from alleged injuries that arise out of or relate to those activities." *Akro Corp. v. Luker*, 45 F.3d 1541,1545 (Fed. Cir. 1995).

EON IP Holdings alleges specific jurisdiction over all of the Defendants as follows:

> 27.   This Court has personal jurisdiction over each Defendant.  Plaintiff incorporates herein all statements of jurisdiction in the preceding paragraphs.  Upon information and belief, each Defendant has conducted and does conduct business within the State of Texas, directly or through intermediaries or agents, or offers for sale, sells, imports, advertises (including through the provision of interactive web pages) products or services, or uses or induces others to use services or products in Texas that infringe the '491 Patent, or knowingly contributes to infringement of the asserted patent.

Dkt No. 64 at ¶27.

In order to determine whether minimum contacts exist for specific jurisdiction in a patent infringement case, the Federal Circuit considers: (1) whether the defendant purposefully directed its activities at residents of the forum; and (2) whether the plaintiff's infringement claim arises out of or relates to those activities; and, (3) whether assertion of personal jurisdiction is

reasonable and fair. *Id.* at 1545-46; *3D Systems, Inc.,* 160 F.3d at 1378 (Fed. Cir. 1998) (no direct actions taken against citizens of the desired forum thus failing specific jurisdiction analysis for two defendants); *Envision Gaming Technologies, Inc. v. Infinity Group, Inc.*, 2006 WL 2623929 *3 (N.D. Tx 2006)(granted motion to dismiss for lack of personal jurisdiction in patent infringement case finding lack of minimum contacts for specific and general jurisdiction); *Phonetel Communications* 2001 WL 36082631 at *2 (same) .

As stated above, Cellular South does not, on behalf of itself or any other persons or entities, purposefully direct its activities in Texas as it does not make, use, import, offer for sale, sale or induce the sale of the allegedly infringing products in Texas. Declaration of Joseph Brian Caraway at ¶ 4.  Accordingly, EON IP Holdings has no evidence as to the first two prongs of the patent specific jurisdiction analysis.

### D.      Traditional Notions of Fair Play and Reasonableness Likewise Dictate the Dismissal of Cellular South.

Because EON IP Holdings cannot establish the first two elements of minimum contacts to establish personal jurisdiction in a patent infringement case, the Court need not consider the whether the assertion of jurisdiction over Cellular South is fair and reasonable.[5]  Nevertheless, it is clear that the assertion of jurisdiction over Cellular South in Texas would not comport with traditional notions of fair play, reasonableness and/or substantial justice.  For the reasons given above, there is nothing reasonable about forcing Cellular South -- a Mississippi corporation with

---

[5] The third prong of the patent analysis is the same as the second prong of a due process analysis – fair play and substantial justice. *International Shoe Co.*, 326 U.S. at 316.

no minimum contacts with Texas -- into the Eastern District of Texas to defend a lawsuit with a

plaintiff with which it has had not contracts or contacts.

## IV.    CONCLUSION AND REQUEST FOR HEARING

EON IP Holdings cannot establish that personal jurisdiction exists over Cellular South in

the Eastern District of Texas.    Consequently, this Court should dismiss the claims against

Cellular South.

This the  4th day of March, 2011.

Respectfully submitted,

CELLULAR SOUTH, INC.

BY: /s/  *Charles L. McBride, Jr.*

Charles L. McBride, Jr., MS Bar No. 8995
Katie L. Wallace, MS Bar No. 101919
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
Post Office Drawer 119
Jackson, Mississippi   39205
190 East Capitol Street, Suite 100
Jackson, Mississippi   39201
Telephone:  (601) 948-3101
Fascimile(601) 960-6902
cmcbride@brunini.com
kwallace@brunin.com

and

Bryan Torrey Forman
TX State Bar No. 07258800
Forman Law Firm PC
117 East Houston Street
Tyler, TX 75702
Telephone: (903)597-2221
Fascimile (903)597-2224
bryan@formanlawfirm.com

9

CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of Cellular South, Inc.'s Motion to Dismiss via the Court's CM/ECF system per Local Rule CV-5(a)(3) on March 4, 2011.  Any other counsel of record will be served by first class mail on this same date.

/s/  *Charles L. McBride, Jr.*
Charles L. McBride, Jr.

## CERTIFICATE OF CONFERENCE

Counsel for Cellular South have complied with the meet and confer requirements in Local Rule CV-7(h), and this Motion is opposed by Plaintiff.  The undersigned hereby certifies that, on February 23, 2011, Charles L. McBride, Jr., lead counsel for Cellular South, Inc. and Bryan Forman, local counsel for Cellular South together conferred by telephone with Daniel Scardino, lead counsel for Plaintiff, and despite discussions about the merit and strength of each party's position and good faith attempts to resolve the relief sought by the Motion, the relief sought is opposed by Plaintiff.

*/s/  Charles L. McBride, Jr.*
Charles L. McBride, Jr.