IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| EON CORP. IP HOLDINGS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Case No. 2:10-cv-00448 |
| v. | § | |
| | § | |
| SENSUS USA, INC.; ARUBA | § | |
| NETWORKS, INC.; BROADSOFT, INC.; | § | |
| CICERO NETWORKS LIMITED; | § | |
| CLAVITER AB; IP. ACCESS, INC.; JUNI | § | |
| AMERICA, INC.; CISCO SYSTEMS, | § | |
| INC.; MAVENIR SYSTEMS, INC.; MERU | § | |
| NETWORKS, INC.; SERCOMM | § | |
| CORPORATION; SONUS NETWORKS, | § | |
| INC.; SPRINT NEXTEL CORPORATION; | § | |
| ADVANCED METERING DATA | § | |
| SYSTEMS, LLC; STOKE, INC. and | § | |
| TATARA SYTEMS, INC., | § | |
| | § | |
| Defendants. | § | JURY DEMANDED |

**MOTION OF DEFENDANT ADVANCED METERING DATA SYSTEMS, LLC
TO DISMISS UNDER FRCP 12(B)(2) FOR LACK OF PERSONAL JURISDICTION**

TO THE HONORABLE COURT:

Defendant Advanced Metering Data Systems, LLC ("AMDS"), moves the Court, pursuant to Federal Rule of Civil Procedure 12(b)(2), to dismiss the claims filed against it for lack of personal jurisdiction. AMDS has insufficient contacts with State of Texas to support the exercise of general personal jurisdiction and no contacts with State of Texas to support the exercise of specific personal jurisdiction. AMDS's motion is supported by the following argument and authorities, the Declaration of Mohamad Motahari, and the proposed order.

## STATEMENT OF THE ISSUE

Whether this Court should dismiss the patent-infringement claims filed against AMDS for lack of personal jurisdiction where AMDS (1) does not either directly or through an agent make, use, offer for sale, sell, supply, or cause to be supplied *any* products, methods, or services to customers in the State of Texas, much less the alleged infringing products and services; (2) has no offices, property, employees, or operations in Texas; and (3) is not registered to do business and has no appointed agent for service of process in Texas.

### I.     INTRODUCTION

Under the Due Process Clause, personal jurisdiction may be exercised over a non-resident defendant only if it has sufficient "minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945) (internal quotations omitted). In this action, Plaintiff EON Corp. IP Holdings, LLC ("EON IP Holdings") asserts patent-infringement claims against AMDS, a Louisiana company. However, AMDS lacks the minimum contacts with the State of Texas necessary to support personal jurisdiction. AMDS does not, on behalf of itself or any other person or entity, make, use, offer for sale, sell, supply, or cause to be supplied *any* products, methods, or services to consumers in the State of Texas. It has no offices, operations or employees in Texas. It is not registered to do business in Texas and has no appointed agent for service of process in Texas. Because AMDS lacks sufficient minimum contacts with Texas to subject it to personal jurisdiction in this State, this Court should grant this motion and dismiss the claims against AMDS.

## II.      BACKGROUND FACTS

_The Plaintiff and Its Claims against AMDS_. EON IP Holdings filed this patent-infringement action on October 22, 2010 against sixteen (16) defendants, including AMDS. (Dkt. #1). On January 11, 2011, EON IP Holdings amended its Complaint (the "Amended Complaint") to include eight (8) additional defendants for a total of twenty-four (24) defendants. (Dkt. #64). The Amended Complaint alleges that defendants infringed U.S. Patent No. 5,592,491 (the "'491 Patent"), which generally relates to a communications network and methods for communicating in the same. (Dkt. #64). The accused products generally include various networking and mobile telephone products. Specifically, EON IP Holdings alleges that "AMDS made, used, imported, offered for sale, or sold infringing communication networks, dual-mode network components, associated services, data systems or related software solutions that fall within the scope of at least one claim of the '491 Patent or are specifically configured for use in and constitute a material portion of the patented invention." (Dkt. #64, ¶ 40). In addition, EON IP Holdings alleges that AMDS infringed the '491 Patent "by knowingly and specifically intending to contribute to or induce infringement by others." _Id._  Plaintiff EON IP Holdings is a subsidiary of EON Corporation and appears to have been created to serve as a serial plaintiff suing entire industries in a number of patent suits arising out of the '491 Patent, its parent patent, and other patents assigned to EON Corporation.

The Amended Complaint generally asserts personal jurisdiction over the defendants based "[u]pon information and belief [that] each defendant has conducted and does conduct business within the State of Texas, directly or through intermediaries or agents, offers for sale, sells, imports, advertises (including through the provision of interactive web pages) products or services, or uses or induces others to use services or products in Texas that infringe the '491

Patent, or knowingly contributes to infringement of the asserted patent." (Dkt. #64, ¶ 27). With respect to AMDS, the Amended Complaint alleges that "[i]n addition to AMDS continuously and systematically conducting business in Texas, the causes of action against AMDS arose from or are connected with AMDS's purposeful acts committed in Texas, including AMDS's making, using, importing, offering for sale, selling, or inducing the sell of infringing communication networks, dual-mode related network components, subscriber units, associated services, or data systems that fall within the scope of or constitute a material portion of at least one claim of the '491 Patent." (Dkt. #64, ¶ 14).

*Defendant AMDS*. AMDS is a Louisiana limited liability company with its principal place of business in Covington, Louisiana. *See* Declaration of Mohamad Motahari, attached as Exhibit A (hereafter "Motahari Decl."), at ¶ 2. AMDS was a leading provider of remote utility meter monitoring and metering wireless connectivity. *Id*. ¶ 3. As a leader in radio-frequency fixed network advanced metering infrastructure, AMDS provided automatic meter reading technology, remote connect/disconnect, and monitoring services to electric, gas, and water utilities using patented technology that operates on a dedicated, fixed wireless network anchored by licensed FCC spectrum. *Id*. AMDS sold meters to customers in Louisiana, Mississippi, Alabama, and Georgia. *Id*. On or about July 6, 2006, AMDS was sold to Sensus Metering Systems, Inc. (n/k/a Sensus USA, Inc.), an international technology company serving utilities. *Id*. ¶ 4.

At no time did AMDS, on behalf of itself or any other person or entity, make, use, offer for sale, sell, supply, or cause to be supplied any products, methods, or services to consumers in the State of Texas. Motahari Decl. ¶ 5. AMDS is not registered to do business in Texas and has no agent for service of process in Texas. *Id*. at ¶¶ 15, 17. AMDS has no offices, owns or leases

no property, and has no employees in Texas. *Id.* ¶¶ 6-8, 9-13. AMDS has not solicited business or provided services of any nature in Texas. *Id.* ¶¶ 9, 16. Finally, although AMDS maintained a website, the site was purely informational; AMDS did not sell any products or services through the site. *Id.* ¶ 20.

### III.   ARGUMENT AND AUTHORIES

Personal jurisdiction in a patent infringement case relates to patent law and Federal Circuit law governs. *See Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1201 (Fed. Cir. 2003). A court can exercise personal jurisdiction over an out-of-state defendant if the forum state's long-arm statute permits jurisdiction and federal due-process requirements are satisfied. *See LSI Indus. Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1371 (Fed. Cir. 2000); *3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1376-77 (Fed. Cir. 1998). The Texas long-arm statute is coextensive with due process requirements. *See Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 214 (5th Cir. 2000). Thus, the Court's inquiry is limited to whether the assertion of jurisdiction would be consistent with due process. In other words, the analysis of Texas's long-arm statute collapses into the federal due-process inquiry. *See Freudensprung v. Offshore Tech. Servs., Inc.*, 186 F. Supp. 2d 716, 720 (S.D. Tex. 2002) (Texas long-arm statute and constitutional due process analysis "collapse[]" into one inquiry).

Due process requires an out-of-state defendant to have minimum contacts with the forum such that maintaining the suit does not offend traditional notions of fair play and substantial justice. *Int'l Shoe*, 326 U.S. at 316.  The minimum-contacts requirement may be met by showing either "general" or "specific" jurisdiction over a defendant. *See Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 (1984). As explained below, neither general nor specific jurisdiction exists over AMDS in this action.

**A.      AMDS Is Not Subject to General Jurisdiction in Texas**

A court may exercise general jurisdiction over a defendant when the defendant has contacts with the forum state that qualify as "continuous and systematic." *Campbell Pet Co. v. Miale*, 542 F.3d 879, 883 (Fed. Cir. 2008). Here, EON IP Holdings alleges that AMDS "continuously and systematically conduct[ed] business in Texas." (Dkt #64, ¶ 14).

However, EON IP Holdings sets forth no facts to support this allegation and, in truth, no facts supporting the exercise in Texas of general personal jurisdiction over AMDS exist. AMDS is a Louisiana corporation with its principal place of business in Louisiana. Motahari Decl. ¶ 2. AMDS does not directly or indirectly make, use, import, offer for sale, sell, or induce the sale of *any* products or services in Texas, much less the allegedly infringing products. *Id*. at ¶ 5. As EON IP Holdings candidly admits, AMDS "does not maintain a regular place of business in Texas and has not designated or maintained a resident agent for service of process." (Dkt #64, ¶ 15). AMDS is not registered to do business in Texas, does not own or lease property in Texas, and has no offices or employees in Texas. Motahari Decl. ¶¶ 15, 13, 6-8. AMDS does not solicit business or provide services of any nature in Texas. *Id*. ¶¶ 16, 9.

The sole contacts that AMDS had with the State of Texas arose out of a business relationship with Metrocall/USA Mobility ("Metrocall") during parts of 2004 and 2005 in which Metrocall provided certain services to AMDS. Motahari Decl. ¶ 21. As a result of that relationship, AMDS worked with Metrocall engineers. *Id*. Because Metrocall had offices in Plano, Texas, AMDS employees traveled infrequently to Plano to meet with the Metrocall engineers. *Id*. AMDS did not sell or offer products for sale during these visits, and the visits did not involve either a Texas client or a Texas contract. *Id*. Moreover, none of the visits involved the allegedly infringing products at issue in this lawsuit. *Id*.

Such isolated contacts that have nothing to do with the claim for relief asserted in this case are wholly insufficient to establish jurisdiction over AMDS. *See Helicioeteros*, 466 U.S. at 418 (holding that "purchases, even if occurring at regular intervals" and visits by personnel in connection with the purchases were insufficient to establish general personal jurisdiction); *Autogenomics, Inc. v. Oxford Gene Technology Ltd.*, 566 F.3d 1012, 1017-18 (Fed. Cir. 2009) (isolated visits and agreements connected to California were not sufficient to establish general jurisdiction); *Stairmaster Sports/Medical Products, Inc. v. Pacific Fitness Corp.*, 78 F.3d 602, 602 (Fed. Cir. 1996) (no general jurisdiction when defendant made isolated visits to Washington but was not registered to do business in Washington and shipments to Washington were only 3% of its total sales)(unpublished opinion).

Nor can EON IP Holdings establish general jurisdiction on the basis of AMDS's website. Although AMDS maintained a website, the site was a passive one – that is, it did not provide a method for pricing or entering orders.  Motahari Decl. ¶ 20. The AMDS website was not set up for retailing and it did not have a catalog of items for purchase.  *Id*. Rather, the site generally described the AMDS technology and provided contact information with the idea that any system would have to be customized for each utility. *Id*. The AMDS website did not contain standard prices, and AMDS did not sell any products or services through the site. *Id*. What is more, the site was in no way directed or targeted at Texas residents. *Id*.

Accordingly, AMDS's website provides no basis for the exercise of jurisdiction over AMDS. *See Maynard v. Philadelphia Cervical Collar Co.*, 18 Fed. Appx. 814, 816-17 (Fed. Cir. 2001) ("[a] passive website is insufficient to establish purposeful availment for the purpose of due process"); *Mink v. AAAA Dev. LLC,* 190 F.3d 333, 336-37 (5th Cir. 1999) (finding that a website was passive even though it posts information regarding a company's products and

services, provides the user with printable forms, and displays the company's contact information); *EnLink Geoenergy Services, Inc. v. Jackson & Sons Drilling & Pump, Inc.*, No. C 09-03524 CW, 2009 WL 4544694, at *2 (N.D. Cal. Nov. 30, 2009) (website "accessible to California residents" did not support general jurisdiction over accused infringer; although "[t]he website contains advertisements of [defendants'] products and displays a video demonstrating how to use the allegedly infringing equipment[,] [defendants] do not conduct business on this website in that consumers cannot purchase products on the site. The Ninth Circuit has consistently held that merely maintaining a passive website is insufficient to establish personal jurisdiction.").[1]

Accordingly, AMDS does not have the "continuous and systematic general business contacts" necessary to support general jurisdiction. *Helicopteros*, 466 U.S. at 416. Rather, this "is a classic case of sporadic and insubstantial contacts with the forum state, which are not sufficient to establish general jurisdiction over the defendants in the forum." *Campbell*, 542 F.3d at 884; *see EnLink*, 2009 WL 4544694, at *3 (patentee failed to establish general jurisdiction where there was no evidence that alleged infringing parties "made any sales in California, sold any products to California residents, have a distribution channel in California, own any property in California, designated an agent for service of process in California or hold a license in California").

---

[1] Even if AMDS's website were interactive (which it is not), interactivity would be insufficient to subject AMDS to general nationwide personal jurisdiction. *See Campbell*, 542 F.3d at 884 (website did not give rise to general jurisdiction where it "[wa]s not directed at customers in Washington and d[id] not appear to have generated any sales in Washington"); *Trintec Inds., Inc. v. Pedre Promotional Prods., Inc.*, 395 F. 3d 1275, 1281 (Fed. Cir. 2005) (suggesting that fact that website is interactive is not by itself sufficient to "show any persistent course of conduct by the defendants in the [forum]"); *Hockerson-Halberstadt, Inc. v. Propet USA, Inc.*, 62 Fed. Appx. 322, 337-38 (Fed. Cir. 2003) (Costco's interactive website was not sufficient to confer jurisdiction over the company nationwide); *Revell v. Lidov*, 317 F.3d 467, 471 (5th Cir. 2002) ("interactive website with bulletin board unlikely to provide "substantial" contacts required for general jurisdiction.

**B.      AMDS Is Not Subject to Specific Jurisdiction in Texas on EON's Claims**

In the absence of general jurisdiction, a court may nonetheless exercise specific jurisdiction over a defendant where the cause of action "arises out of" or "relates to" the defendant's in-state activity. *See Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1360-61 (Fed. Cir. 2006). The Federal Circuit has set forth a three-factor test to determine the existence of specific jurisdiction. *See Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001). The three factors are "(1) whether the defendant purposefully directed its activities at residents of the forum; (2) whether the claim arises out of or relates to the defendant's activities with the forum; and (3) whether assertion of personal jurisdiction is reasonable and fair." *Id*. (citations and internal quotations omitted); *accord, Campbell*, 542 F.3d at 884-85. The first two factors correspond with the "minimum contacts" prong of the *International Shoe* analysis and the third factor corresponds with the "fair play and substantial justice" prong of the analysis. *Inamed Corp*., 249 F.3d at 1360.

EON IP Holdings does not and cannot satisfy any of the Federal Circuit's three factors. To establish jurisdiction, the Amended Complaint alleges that "the causes of action against AMDS arose from or are connected with AMDS's purposeful acts committed in Texas, including AMDS's making, using, importing, offering for sale, selling or inducing the sale of infringing communication networks, dual-mode related network components, subscriber units, associated services, or data systems that fall within the scope of or constitute a material portion of at least one claim of the '491 Patent." (Dkt. #64, ¶ 14). That allegation, however, is completely false. AMDS does not, on behalf of itself or any other person or entity, make, use, import, offer for sale, sell, or induce the sale of any products or services in Texas, much less the allegedly infringing products. Motahari Decl. ¶ 5. AMDS has therefore not "purposefully directed [its]

9

activities at residents of the forum." *Inamed Corp.*, 249 F.3d at 1360. Nor do EON IP Holdings'

claims "arise[] out of or relate[] to defendant's activities with the forum." *Id*. As a result, the

assertion of personal jurisdiction over AMDS would clearly not be "reasonable" or "fair." *Id*.

Accordingly, there is no basis for the exercise of specific personal jurisdiction over

AMDS. *See 3D Systems, Inc.*, 160 F.3d at 1380 (Fed. Cir. 1998) (specific jurisdiction did not

exist in California over corporation that did not purposefully direct its activities at residents of

California); *Envision Gaming Technologies, Inc. v. Infinity Group*, Inc., No. 3:05-CV-0902-L,

2006 WL 2623929, at *7 (N.D. Tex. Sept. 12, 2006) (specific jurisdiction was lacking where

defendant did not engage in "activities purposefully directed at Texas and arising out of or

related to the current case").

## IV.   CONCLUSION

Because this Court lacks personal jurisdiction over AMDS, the claims against AMDS

should be dismissed.

Dated: March 31, 2011

Respectfully submitted,

*Andy Tindel*

ANDY TINDEL
State Bar No. 20054500

PROVOST ✱ UMPHREY LAW FIRM, LLP
112 East Line Street, Suite 304
Tyler, Texas 75702
Tel:   (903) 596-0900
Fax:  (903) 596-0909
Email:   atindel@andytindel.com

ATTORNEY FOR DEFENDANT
ADVANCED METERING DATA SYSTEMS, LLC

## CERTIFICATE OF SERVICE

This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per E. Dist. Tex. Loc. Ct. R. CV-5(a)(3) on the 31st day of March, 2011.  Any other counsel of record will be served via facsimile transmission and first class certified mail, return receipt requested.

Andy Tindel